IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, ANTHONY MORRIS, DARUS YOUNG, ELDON POTTS, JERRY WESTON, DERECK STONE, ROBERT OXFORD, RODERICK BROWN, SAMUEL JONES, FRANK WILLIAMS, DEDRICK CHASE, JEROME GREEN, ANTONIO FRISBY, JOSE SERPA, BRIAN BRISCOE, GEORGE A. JACKSON, H. RICHARDS, GILBERT WILLIAMS, NORMAN DESHIELDS, CHARLES QUILLEN, TIM SOODAIN, KEVIN SPIVEY, DE'SHAWN SMITH, HOWARD PARKER, KENDALL REED, JAMES JOHNSON, SHAUN LEE, CHARLES B. SANDERS, NATHAN HENRY, and PEDRO CINTRA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 05-399-JJF ) |
| COMM. STANLEY TAYLOR, and WARDEN RICK KEARNEY, | ) ) ) |
| Defendants. | ) |

## ORDER

WHEREAS, plaintiffs are prisoners incarcerated at the Sussex Correctional Institution in Georgetown, Delaware, and on June 15, 2005, plaintiffs filed a complaint under 42 U.S.C. § 1983 (D.I. 1);

WHEREAS, on June 15, 2005, plaintiff, James A. Wilson, filed a Motion for Appointment of Counsel (D.I. 2);

WHEREAS, on June 22, 2005, plaintiffs amended the

complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a) (D.I. 3);

WHEREAS, on July 18, 2005, plaintiffs filed a Motion for Leave to Amend the Complaint along with the proposed Amended Complaint (D.I. 7);

WHEREAS, on July 18, 2005, plaintiff James A. Wilson filed a Motion for Class Certification (D.I. 8);

THEREFORE, at Wilmington this 11 day of August, 2005, IT IS ORDERED that:

1. Plaintiffs' Motion for Leave to Amend the Complaint (D.I. 7) is GRANTED.

2. Plaintiff James A. Wilson's Motion for Appointment of Counsel (D.I. 2) is DENIED without prejudice to renew. Plaintiff, a pro se litigants, has no constitutional or statutory right to appointed counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this Court's discretion, however, to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be

2

appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed plaintiff's complaint, the Court finds that his allegations are not of such a complex nature that representation by counsel is warranted at this time. The various papers and pleadings submitted by plaintiff reflect an ability to coherently present his arguments.

      3.  Plaintiff James A. Wilson's Motion for Class Certification (D.I. 8) is DENIED. A class action can only be maintained if the class representative "will fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). "When confronting such a request from a prisoner, Courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" Maldonado v. Terhune, 28 F. Supp.2d 284, 299 (D.N.J. 1998)(citing Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992))(internal citations omitted). Reviewing the documents Wilson has presented, it is clear that he is incapable of representing the interests of his fellow inmates in a class action. Accordingly, Wilson's motion to certify this case as a class action is denied.

      4.   The Clerk of the Court shall cause a copy of this order to be mailed to plaintiffs.

 

                           /s/ Joseph J. Farnan
                           United States District Judge