IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, et al.,         :
                                 :
          Plaintiffs,            :
                                 :
     v.                          :   Civil Action No. 05-399-JJF
                                 :
STANLEY TAYLOR, individually     :
and in his official capacity     :
as Commissioner D.O.C., and      :
RICK KEARNEY, individually       :
and in his official capacity     :
as Warden, S.C.I.,               :
                                 :

### MEMORANDUM AND ORDER

Plaintiff James A. Wilson and thirty others have filed this action pursuant to 42 U.S.C. § 1983. Plaintiffs are pro se litigants who have paid the filing fee for this action in full. Plaintiffs filed their Complaint on June 15, 2005, and their Amended Complaint on June 18, 2005. Plaintiffs' Amended Complaint reiterates the allegations of their original Complaint and adds additional allegations. For the reasons discussed, Plaintiffs' Amended Complaint will be dismissed without prejudice as frivolous pursuant to pursuant to 28 U.S.C. § 1915A(b)(1). However, Plaintiffs will be given leave to file a Second Amended Complaint within twenty (20) days of the date of this Order.

I.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" the Amended Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from

such relief. If the Court finds Plaintiffs' Amended Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Amended Complaint.

When reviewing complaints pursuant to Section 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915A "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1]

---

[1] The standards for frivolousness under § 1915A are the same as the standards used to review Complaints pursuant to 28 U.S.C. 1915(e)(2)(B).

Consequently, a claim is frivolous within the meaning of Section 1915A if it "lacks an arguable basis either in law or in fact." Id.

## II. DISCUSSION

By their Amended Complaint, Plaintiffs contend that black inmates at Sussex Correctional Institute, and in the Merit Building Unit in particular, are denied procedural due process hearings and are treated unfairly with respect to disciplinary sanctions. Specifically, Plaintiffs contend that black inmates are more likely to be sprayed with mace because of their race and that black inmates are more likely to be classified to a higher security status. Plaintiffs further contend that black inmates are being discriminated against and being denied equal protection in obtaining prison jobs. In addition to these due process and equal protection claims, Plaintiffs also allege a variety of other complaints, including that (1) out-dated products are being sold by the Commissary, (2) inmates are being sold pork products without notification that the products contain pork, (3) Commissary prices are increasing while inmate wages are remaining the same, (4) phone call rates are too high, (5) the Inmate Fund is being misused by the Institution, and (6) all Muslim sects are being forced to worship together. Plaintiffs provide the Court with case specific examples to support their allegations.

To prevail on a Section 1983 claim, Plaintiffs must

demonstrate the personal involvement of the defendant in the form of actual participation or acquiescence in the alleged unlawful conduct. For a supervisory official to be held liable for a constitutional tort by a subordinate, the official must either be "the moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citations omitted). Plaintiffs have not raised any specific allegations against the Warden or the Commissioner of the Department of Correction. Because Plaintiffs have failed to allege any grounds to state a claim against Defendants, the Court concludes that Plaintiffs' Amended Complaint has no arguable basis in law or fact, and therefore, the Court will dismiss Plaintiffs' Amended Complaint as frivolous. However, the Court's dismissal of this action will be without prejudice so as to permit Plaintiffs leave to file a Second Amended Complaint. Any Second Amended Complaint filed pursuant to this Memorandum Order shall be filed within twenty (20) days of the date of this Memorandum and Order.

III. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this 11 day of October 2005, that:

1. Plaintiffs' Amended Complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915A.

2.  Plaintiffs are given leave to file a Second Amended Complaint within twenty (20) days of the date of this Memorandum Order. Upon filing of a Second Amended Complaint, the Clerk shall not make service until so ordered by the Court.

                                        */s/ Joseph J. Farnan, Jr.*
                                  UNITED STATED DISTRICT JUDGE