(Rev. 4/97)

## FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

05-399 (JJF)

JAMES A. WILSON,ET.AL.see Attachment,          JURY TRIAL DEMANDED

(Enter above the full name of the plaintiff in this action)
on behalf of themselves and others similary situated,
                        V.                    Plaintiffs,

STANLEY TAYLOR,Individually and Official Capacity as Commissioner D.O.C.

RICK KEARNEY, Individually and Official Capacity as Warden, S.C.I.

and the DELAWARE DEPARTMENT OF CORRECTIONS. *SEE ADDITIONAL DEFENDANTS ON*
                                        REVERSE SHEET OF PAGE

(Enter above the full name of the defendant(s) in this action



FILED
OCT 24
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
NO Scanned

CLASS ACTION

"SECOND" AMENDED COMPLAINT

I.    Previous lawsuits

A.    Have you begun other lawsuits in state or federal courts dealing with the
      same facts involved in this action or otherwise relating to your imprisonment?
      YES ☒       NO

B.    If your answer to A is yes, describe the lawsuit in the space below.  (If there
      is more than one lawsuit, describe the additional lawsuits on another piece of
      paper, using the same outline).

      1.    Parties to this previous lawsuit

      Plaintiffs Gregory Hubbard,et.al. C.A. No:. oo-531 SLR

         Overcrodedness

      Defendants Stanley Taylor, Raphael Williams, M. Jane Brady

"SECOND AMENDED COMPLAINT"

PAT DITTO, RONNIE BURKE, DONNA FURMAN, NANCY THOMASON, LT. SMITH,
LT. HOLLIS, SGT. MEARS, STAFF LT. HENNESSY, MIKE DELOY, and Cpl.
J. STOZENBACH, all sued in their Individual and Official Capacity.

## PARTIES

Defendants Pat Ditto, Ronnie Burke, Donna Furman, Nancy Thomason, Lt. Smith and Lt. Hollis
makes up the MDT Board for classification for job placement and classification for
higher security after disciplinary infractions. They are sued in their individual and
official capacity.

Defendant Lt. Hennessey is responsible for conducting disciplinary hearings for prisoners
accused of breaking prison rules. He sued in his individual capacities.

Defendant Mike Deloy is Deputy Warden at SCI and responsible for reviewing
all administrative appeals of disciplinary charges filed by SCI prisoners.
He is sued in his individual and official capacities.

Defendant Rick Kearney is the warden at SCI and is responsible for reviewing
all administrative appeals of disciplinary charges filed by SCI prisoners.
He is sued in his individual and official capacities.

2.  Court (if federal court, name the district; if state court, name the county)

UNITED STATES DISTRICT COURT, DISTRICT DELAWARE

3.  Docket number _____ Civil Action No.: 00-531 _____

4.  Name of judge to whom case was assigned Sue L. Robinson

5.  Disposition (for example: Was the case dismissed? Was it appealed?
    Is it still pending?)
    Remanded back to District Court by Order of Court of Appeals

6.  Approximate date of filing lawsuit __4/25/00__

7.  Approximate date of disposition _____

II.  A.  Is there a prisoner grievance procedure in this institution? Yes [y] No [ ]

B.  Did you present the facts relating to your complaint in the state prisoner
    grievance procedure? Yes [y] No [n]

C.  If your answer is YES,

    1.  What steps did you take? _____ Filed Grievance for some things

        that was Grieable and received no change and other claims not
        Grieable
    2.  What was the result? No change , and was told not Grievable

        _____

D.  If your answer is NO, explain why not _____

    _ some Claims are not Grievable _____

E.  If there is no prison grievance procedure in the institution, did you complain to
    prison authorities? Yes [ ] No [n]

F.  If your answer is YES,

    1.  What steps did you take? _____ N/A _____

        _____

    2.  What was the result? _____

        _____

III.    Parties

(In item A below, place your name in the first blank and place your present address
in the second blank.  Do the same for additional plaintiffs, if any.)

A.    Name of Plaintiff    James A. Wilson, ET.Al. see Attachment

       Address  S.C.I. P.O.Box 500Georgetown, DE. 19947

(In item B below, place the full name of the defendant in the first blank, his official
position in the second blank, and his place of employment in the third blank.  Use
item C for the names, positions, and place of employment of any additional defendants.)

B.    Defendant  Stanley Taylor                is employed as  Commissioner

                             at  Department of Corrections

C.    Additional Defendants Rick KearneynWarden of S.C.I.


IV.    Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant
is involved.  Include also the names of other persons involved, dates, and places.
Do not give any legal arguments or cite any cases or statutes.  If you intend to allege
a number of related claims, number and set forth each claim in a separate paragraph.
Use as much space as you need.  Attach extra sheet if necessary.)

                See Attached

-3-

EXAMPLE

An example of Black Inmates being denied Equal Protection and Due Process in Discipli-
nary Hearings as well as Classification is when Inmate Nathan Henry was found guilty
for Disobeying an order write up written by CPL. J. Stolzenbach by LT. Hollis who is th
Merit Building LT. and who also sit in on Inmate Henry Classification which resorted in
himbeing Classified to a higher security.

Inmate Henry Appealed his write up, however, he was classified and moved out of the
building before receiving any response from his appeal. Inmate Henry lost his job
liberty as well as his Merit/Minimum Status before Due Process was complete. This is a
typical action toward Black Inmates at S.C.I. while white Inmates gets to remain at
there status and find a new job which is supported by Classification Counselor and Lt.
of the building as well as the MDT Board. S.C.I. only has one Black Counselor while
the majority of inmates are black.

Inmate Henry also served his disciplinary sanction while his appeal was still in
motion. Inmate Henry was given an order by Cpl. Stozenbach to clean the showers because
he was the tier man. Inmate Henry cleaned the showers and then returned to his daily
activities. Cpl. Stozenbach made a statement to Inmate Henry that he did a half hearted
job, then walked away an wrote Inmate Henry up for disobeying an order. Cpl. Stozenbach
never gave Inmate Henry another order to redue the showers. There is no specific rule
stating that the showers has to be clean a certain way, yet Inmate Henry was sanctioned
for a rule that was never displayed concerning how the showers was to be clean. Due
Process requires that inmates receive fair notice of a rule before they can be sanction
ed for its violation.

Another example of Black Inmates being denied Equal Protection and Due Process is when
Inmate Pedro Cintra was was spryed with mace as he walked bakcwards from Sgt. Mears
who requested his ID, Inmate Pedro was taken to A.S.D.A., lost his job and his Merit/
Minimum status. Inmate Pedro is also Black. Refusing to give up an ID do not require
the action of being spryed with mace nor does it require excess force. Sgt. Mears was
accompanied by Cpl. Stolzenbach who could have did something to prevent this, however,
blacks are more likely to receive excess force by Officers than white inmates.

## STATEMENT OF CLAIM

1. Black Inmate's are denied procedural due process hearings at S.C.I., in classification, jobs,and disciplinary actions.

2. Black Inmate's are the majority at the prison.

3. Blacks are more likely to be sprayed with meace because of their race.

4. Black Inmate's are more likely to be classified to higher security and moved before due process proceedings are done.

4. Black Inmate's are being discriminated against in Classification,Jobs, and Disciplinary Actions.

5. Black Inmates are being denied Equal Protection Clause in Jobs,Classi-fication, and Disciplinary proceedings.

6. Inmates are being sold out dated products from commissary.

7. Inmates are being sold product that contain pork without notice.

8. Commissary prices are increasing and Inmate wages remain the same.

9. Phone call  rates are too high for Inmates to call home on regular basis.

10. Inmate Fund is being used inappropriately by the institution.

11. All Muslim Sects are being forced to worship together.

AMENDED

12. The Merit Building is a Minimum "High" security Unit of the Sussex Correctional Institution that housed approximately 120 prisoners.  There are two (2) sections of the building for housing, eastside tier and westside tier.

13. Well before the filing of the Original Complaint in this action, the Eastside of the Merit have housed and continue to housed predominantly white prisoners and is referred by Defendants as the "goodside".

14. Well before the filing of the Original Complaint in this action, the Westside of the Merit have housed and continue to housed predominantly black prisoners and is referred by Defendants as the "badside".

-5-

Disciplinary-Intentional Racial Discimination

15.  Black prisoners in the Merit Building, primarily if not exclusively westside black prisoners, receive excessively more disciplinary infractions by the Defendants.

16.  Black prisoners in the Merit Building, primarily if not exclusively westside black prisoners, are deny procedural due process at disciplinary hearing as follow:

        a) refusal to call black prisoners' witnesses;
        b) failure to provide a meaningful explanation of finding of guilt;
        c) convicting black prisoners of disciplinary offenses that are un-
           supported by any evidence; and
        d) supervisory official failure to correct due process violations on
           administrative appeal.

Classification-Intentional Racial Discrimination

17.  Black prisoners in the Merit Building, primarily if not exclusively westside black prisoners, are immediately classiified to a higher security and transfered out of the Merit Building for not performing job task satisfactory, fired from job, or quitting a job.  Whereas, similary situated white inmates are classified to different jobs and remained in the Merit Building.

18.  Black prisoners in the Merit Building, primarily if not exclusively westside black prisoners, are classified to the kitchen and remained there until they are fired or quit, whereas similary situated white inmates are classified out of the kitchen to more desirable and better-paid inmate jobs.

19.  Black prisoners in the Merit Building, have been intentionally and purposefully denied jobs with the maintenance crew and special projects crew because of their race.

CAUSES OF ACTION

COUNT I - BLACK PRISONERS DENIED EQUAL PROTECTION OF THE LAW

20.  As alleged above in paragraph 4, 12 to 19, Defendants have failed to classified Plaintiffs in a rational manner.

-6-

21. Defendants have discriminated against black members of the plaintiff class, by intentionally and purposefully excluding them from more desirable and better - paid jobs because of their race, lacks objective criteria for assigning jobs to prison inmates, and have failed to implement a system to prevent illegal discrimination in job placement. Defendants' policies, practices, acts and ommissions constitutes unequal treatment to black prisoners and violate the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983.

COUNT II -    BLACK PRISONERS DENIED DUE PROCESS CLAUSE

22. As alleged in paragraphs 1, 4, 5 to 19, Defendants have denied Plaintiffs due process and equal protection of the law.

23. Defendants have intentionally and purposefully refuses to call any witnesses requested by plaintiffs, find plaintiffs guilty with no evidence, and provide an inadequate disposition of charges denying the black members of the plaintiff class, the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

24. Defendants have intentionally and purposefully refused to overturn the black members of the plaintiff's class disciplinary conviction, despite their knowledge of the above due process violations, constitution deliberate indifference and further denial the plaintiffs the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

25. THE ACTIONS OF DEFENDANTS LT. HENNESSEY; DEPUTY WARDEN MIKE DELOY; AND WARDEN RICK KEARNEY IN REFUSING TO OVERTURN THE PLAINTIFF'S CONVICTION, DESPITE HIS KNOWLEDGE OF THE ABOVE DESCRIBE DUE PROCESS VIOLATIONS, CONSTITUTED DELIBERATE INDIFFERENCE AND FURTHER DENIED PLAINTIFF THE DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEETH AMENDMENT TO THE UNITED STATES CONSTITUTION

26. STANLEY TAYLOR COMMISSIONER OF D.O.C. AND WARDEN RICK KEARNEY ARE FAILING TO REMEDY UNLAWFUL CONDITIONS THAT THEY KNOW OR SHOULD KNOW ABOUT. THEY MAINTAIN POLICIES THAT DENIES BLACK INMATES EQUAL PROTECTION, IN DUE PROCESS, CLASSIFICATION AND JOB OPPORTUNITY.

V.    Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.
 Cite no cases or statutes.)

See Attachment

_____

_____

_____

_____

_____

Signed this _JuNe_ day of ___ /0 _____, ～ 2005

James a. Wilson et, al
_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

6/10/05          James a. Wilson et, al
_____     _____
/Date             ( Signature of Plaintiff)

−8−

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request that this Court:

a. Assume jurisdiction of this action;

b. Issue an order certifying this action to proceed as a class pursuant to Rule 23 (a) and(b) (2) of the Federal Rules of Civil Procedure;

c. Issue a declaratory judment pursuant  the Federal Rules of Civil Procedure, that the policies,practicees,acts and omissions complained of herein violate Plaintiff' rights;

d. Issue a preliminary and permanent injunctive relief sufficient to rectify the unconstitutional and unlawful acts,policies,practices complained of herein;

e. Retain jurisdiction over Defendants until such time as the Court is satisfied that their unlawful policies,practices,acts and emissions complained of herein no longer exist and will not recur;

f. Order a temporary restraining order be issued against the Defendants to prevent any physical,mental, direct or indirect harassment,treatment, or unfair classification,administrative movement,or illegal transfers of Plaintiff's as a result of their filing this Class Action Civil Complaint

g. Award damages to the Plainitffs in an amount in excess of $100,000;

h. Award such other further relief as to this Court seems just and proper

*James a. Wilson*
*et, al*
*S. C. I*
*P.O. BOX 500 Georgetown, De. 19947*

-9-

1.) JAMES A. WILSON #96338

2.) Anthony Morris #300363

3.) Dano Young 00282852

4.) Eldon Potts #211193

5.) Jerry Neston #329478

6.) Dereck Stones #303183

7.) Robert Oxford #226791

8.) Roderick Brown 315954 #

9.) Samuel Jones 465297

10.) FRANK Williams # 261847

11.) Dedrick Chase #168185

12.) Jerome Green 147772

13.) Antonio Frisby 215613

14.) Jose Serpa 350322

15.) Brian Briscoe #342223

16. George A. Jackson #171250

17.) HARRELL RICHARDS #316998

18.) Gilbert Williams ++ 137575

19.) Norman Deshields 171016

20.) Charles Quillen 211182

21. Tim Dodson i 178038

22. Kevin Spence 258693

23. Shawn Smith 281908

24. Howard Baker

25.? Kendall Reed 276408

26 James Johnson 155123

27.) Shaun Lee
    Shaun LEE

28.) Darelle E. Sanders #160424

29.) Nathan Henry 324881

30. Pedro Cintron 351589

U.S.M.S.
X-RAY

Clerk U.S. District Court
844 N. King St. Lockbox 19
Wilm DE. 19801-3570

FROM: JAMES WILSON BLDG. MERU/EAST
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947



PRIORITY MAIL
UNITED STATES POSTAL SERVICE™
www.usps.gov

LABEL 107R, OCT 1997