IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. No. 05-399-JJF |
| STANLEY TAYLOR, et al., | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Plaintiff James A. Wilson and thirty others bring this civil rights action pursuant to 42 U.S.C. §1983. Plaintiffs are currently incarcerated at Sussex Correctional Institute, Georgetown, Delaware. They proceed <u>pro se</u>, have paid their filing fee, and the Court now proceeds to screen the Second Amended Complaint pursuant to 42 U.S.C. § 1915A.

For the reasons discussed below, the claims against Defendants Delaware Department of Corrections, Pat Ditto, Ronnie Burke, Donna Furman, Nancy Thomason, and Lt. Smith are dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

I.   **THE SECOND AMENDED COMPLAINT**

Plaintiffs' Amended Complaint was dismissed without prejudice as frivolous, and they were given leave to file a Second Amended Complaint. (D.I. 23). The Second Amended Complaint adds as Defendants, in their individual and official capacity, Pat Ditto, Ronnie Burke, Donna Furman, Nancy Thomason,

Lt. Smith, Lt. Hollis, Sgt. Mears, Staff Lt. Hennessy, Mike Deloy and Cpl. J. Stozenbach. Stanley Taylor, Rick Kearney and the Delaware Department of Corrections remain as named Defendants. The allegations in the Second Amended are identical to those in dismissed Amended Complaint, but contains two paragraphs of additional allegations. (D.I. 24,¶¶ 25, 26). Plaintiffs also seek to proceed as a class action.

Count One of the Second Amended Complaint alleges that Plaintiffs are being discriminated against on the basis of race, in obtaining prison jobs in violation of their right to equal protection. Count Two alleges that because of their race Plaintiffs are being deprived of their right to procedural due process. The Second Amended complaint also contains allegations of excessive force and failure to protect in relation to the use of mace. Finally, the Second Amended Complaint contains a variety of other miscellaneous allegations discussed later in this Memorandum Order.

## II. STANDARD OF REVIEW

When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Under § 1915A(b)(1), the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it

"lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A. Class Action

The Second Amended Complaint is framed as a class action. Plaintiffs previously moved for, and were denied, class certification. (D.I. 8, 14). A class action can only be maintained if the class representative "will fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(a)(4). "When confronting such a request from a prisoner, courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" Maldonado v. Terhune, 28 F.Supp.2d 284, 299

3

(D.N.J.1998) (citing Caputo v. Fauver, 800 F.Supp. 168, 170 (D.N.J. 1992)). Accordingly, Plaintiffs may not maintain this suit as a class action.

**B.  Personal Involvement**

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiffs name as Defendants Pat Ditto, Ronnie Burke, Donna Furman, Nancy Thomason, and Lt. Smith.  The Second Amended Complaint, however, contains no allegations against these Defendants, and Plaintiffs provided no facts to support a claim against them.  As a result, the claims lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

The Second Amended Complaint also contains the following miscellaneous allegations:  Because of their race, Black inmates are more like to be sprayed with mace, more likely to be classified to a higher security, and moved to different housing; the Commissary sells out-dated products to inmates; products containing pork are sold without notice to inmates; Commissary prices are increasing while inmate wages remain the same; telephone rates are too high for inmates to call home on a regular basis; the institution inappropriately uses the Inmate

4

Fund; and all Muslim sects are forced to worship together.

Plaintiffs failed to demonstrate or allege any personal involvement on behalf of the named defendants as to any of the miscellaneous allegations. These claims have no arguable basis in law or fact, and are dismissed as frivolous.

### C.     Eleventh Amendment Immunity

The Delaware Department of Corrections, an agency of the State of Delaware, is named as a Defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the Department of Corrections is entitled to immunity under the Eleventh Amendment. See e.g. Evans v. Ford, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Plaintiffs' claim against the Department of Corrections has no arguable basis in law or in fact inasmuch as it is immune from suit. Therefore, it is frivolous and is dismissed pursuant to 28 U.S.C.§ 1915A(b).

IV. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this 12 day of December, 2005, that:

1. Plaintiffs may not maintain this proceeding as a class action;

2. The claims against Defendants Delaware Department of Corrections, Pat Ditto, Ronnie Burke, Donna Furman, Nancy Thomason, and Lt. Smith are dismissed as frivolous pursuant to 28 U.S.C. § 1915A;

3. Plaintiffs' "miscellaneous claims" are dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915A; and,

4. The Court has identified in the Second Amended Complaint the following cognizable claims: Fourteenth Amendment due process claim against Defendants Lt. Hennessy, Deputy Warden Mike DeLoy, Warden Rick Kearney, Cpl. J. Stozenbach, and Lt. Hollis; Fourteenth Amendment equal protection claim against Defendants Stanley Taylor and Warden Rick Kearney; Eighth Amendment excessive force claim against Defendant Sgt. Mears; and, Eighth Amendment failure to protect claim against Defendant Cpl. Stozenbach. Plaintiffs are allowed to PROCEED with those claims. A service order will be entered.

*[signature]*
UNITED STATES DISTRICT JUDGE