IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 05-399-JJF |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Pending before the Court is a Motion for a Temporary Restraining Order and Preliminary Injunction filed by Plaintiff, Eldon T. Potts. (D.I. 52). Plaintiff Potts alleges that he felt threatened and harassed by Defendant John Stolzenbach ("Stolzenbach"), an employee of the Sussex Correctional Institute, when Stolzenbach told Plaintiff Potts that he was going to have him moved to a different building and Stolzenbach gave Potts "intimidating looks". Plaintiff Potts "feels" that Stolzenbach has to power to 1) cause him physical harm, and 2) to have him moved to another building. Plaintiff Potts also refers to alleged actions, such as the spraying of mace, taken by Stolzenbach against other inmates. Essentially, Plaintiff Potts feels harassed by Stolzenbach.

When considering a motion for a temporary restraining order or preliminary injunction, the Court determines: (1) the likelihood of success in the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained

of; (3) the balancing of the hardships to the respective parties; and(4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations omitted).

Plaintiff Potts has not demonstrated the likelihood of success on the merits. Initially, the Court notes that a transfer from one building to another does not rise to the level of a constitutional violation. To the extent that Plaintiff Potts alleges that the transfer will result in a proposed change in his security classification, in Delaware, inmates have no constitutionally protected interest in their classification. Riley v Snyder, 72 F.Supp.2d 456, 460 (D.Del. 1999); Carrigan v. State of Delaware, 957 F.Supp. 1376, 1385 (D.Del. 1997). To the extent that his claim is based upon a transfer to another building or prison, it is well-settled that the transfer of a prisoner from one institution to another does not rise to the level of a constitutional violation. Hewitt v. Helms, 459 U.S. 460, 468 (1983). More so, "intimidating looks" and "feelings" do not implicate a violation of Potts' constitutional rights. Nor are the actions taken by Stolzenbach against inmates other than Potts, supportive of Potts' motion for injunctive relief. Quite simply, Potts has failed to meet the first prong necessary for

imposition of injunctive; he has not demonstrated the likelihood of success on the merits.  Hence, Plaintiff Potts' Motion for Injunction and Temporary Restraining Order is DENIED.

NOW THEREFORE, IT IS HEREBY ORDERED this 2 day of February, 2006, that the Motion for a Temporary Restraining Order and Preliminary Injunction (D.I. 52) filed by Plaintiff Eldon T. Potts is **DENIED**.

                                                                         _____
                                                                         UNITED STATES DISTRICT JUDGE