IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 05-399-JJF ) |
| STANLEY TAYLOR, et al., | ) ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Pending before the Court is a Motion for Injunction and Temporary Restraining Order filed by Plaintiff, James A. Wilson. (D.I. 53). Plaintiff Wilson moves the Court for an order to restrain Defendants from reclassifying him to a higher security classification.

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations omitted).

Upon review of the allegations made by Plaintiff Wilson, the Court concludes that he has not demonstrated the likelihood of success on the merits. To the extent that Plaintiff's claims are

based upon his security classification, in Delaware, inmates have no constitutionally protected interest in their classification. <u>Riley v Snyder</u>, 72 F.Supp.2d 456, 460 (D.Del. 1999); <u>Carrigan v. State of Delaware</u>, 957 F.Supp. 1376, 1385 (D.Del. 1997). Nor has Plaintiff established a threat of irreparable harm as he attached letters with his motion wherein he addresses the issue with prison administrators. As to the third prong, in light of the fact that Plaintiff Wilson's request goes directly to the manner in which the Delaware Department of Correction operates it prison, an injunction would substantially harm Defendants. See <u>Carrigan v. State of Delaware</u>, 957 F.Supp. 1376, 1385 (D.Del. 1997). Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. <u>Id</u>. Accordingly, based upon the foregoing analysis, Plaintiff Wilson's Motion for Injunction and Temporary Restraining Order is DENIED.

    NOW, THEREFORE, IT IS HEREBY ORDERED this 2 day of February, 2006, that the Motion for Injunction and Temporary Restraining Order (D.I. 53) filed by Plaintiff James A. Wilson is **<u>DENIED</u>**.

                                                 *[signature]*
                                      UNITED STATES DISTRICT JUDGE