OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

February 7, 2006



James A. Wilson
SBI# 163663
SCI
P.O. Box 500
Georgetown, DE 19947

RE:   James A. Wilson v. Commissioner Stanley Taylor
      C.A. No. 05-399-JJF

Dear Mr. Wilson:

The Court is in receipt of your Motion For Appointment Of Counsel (D.I. 56), Plaintiffs Request For Production Of Documents (D.I. 57), Interrogatories (D.I. 58), Motion For A TRO And Preliminary Injunction With Memorandum In Support (D.I. 59), Declaration In Support Of Plaintiffs Motion For A Preliminary Injunction And Temporary Restraining Order (D.I. 60). Due to the fact that all documents have not been signed by all plaintiffs, they will only be considered to pertain to and be filed by James A. Wilson.

Very truly yours,
Peter T. Dalleo, Clerk

Anita Bolton
Courtroom Deputy

cc: Judge Joseph J. Farnan, Jr.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 05-399-JJF ) |
| STANLEY TAYLOR, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for a Temporary Restraining Order and Preliminary Injunction filed by Plaintiff, Eldon T. Potts. (D.I. 52). Plaintiff Potts alleges that he felt threatened and harassed by Defendant John Stolzenbach ("Stolzenbach"), an employee of the Sussex Correctional Institute, when Stolzenbach told Plaintiff Potts that he was going to have him moved to a different building and Stolzenbach gave Potts "intimidating looks". Plaintiff Potts "feels" that Stolzenbach has to power to 1) cause him physical harm, and 2) to have him moved to another building. Plaintiff Potts also refers to alleged actions, such as the spraying of mace, taken by Stolzenbach against other inmates. Essentially, Plaintiff Potts feels harassed by Stolzenbach.

When considering a motion for a temporary restraining order or preliminary injunction, the Court determines: (1) the likelihood of success in the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained

of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations omitted).

Plaintiff Potts has not demonstrated the likelihood of success on the merits. Initially, the Court notes that a transfer from one building to another does not rise to the level of a constitutional violation. To the extent that Plaintiff Potts alleges that the transfer will result in a proposed change in his security classification, in Delaware, inmates have no constitutionally protected interest in their classification. Riley v Snyder, 72 F.Supp.2d 456, 460 (D.Del. 1999); Carrigan v. State of Delaware, 957 F.Supp. 1376, 1385 (D.Del. 1997). To the extent that his claim is based upon a transfer to another building or prison, it is well-settled that the transfer of a prisoner from one institution to another does not rise to the level of a constitutional violation. Hewitt v. Helms, 459 U.S. 460, 468 (1983). More so, "intimidating looks" and "feelings" do not implicate a violation of Potts' constitutional rights. Nor are the actions taken by Stolzenbach against inmates other than Potts, supportive of Potts' motion for injunctive relief. Quite simply, Potts has failed to meet the first prong necessary for

imposition of injunctive; he has not demonstrated the likelihood of success on the merits. Hence, Plaintiff Potts' Motion for Injunction and Temporary Restraining Order is DENIED.

NOW THEREFORE, IT IS HEREBY ORDERED this 2 day of February, 2006, that the Motion for a Temporary Restraining Order and Preliminary Injunction (D.I. 52) filed by Plaintiff Eldon T. Potts is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 05-399-JJF ) |
| STANLEY TAYLOR, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Injunction and Temporary Restraining Order filed by Plaintiff, James A. Wilson. (D.I. 53). Plaintiff Wilson moves the Court for an order to restrain Defendants from reclassifying him to a higher security classification.

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations omitted).

Upon review of the allegations made by Plaintiff Wilson, the Court concludes that he has not demonstrated the likelihood of success on the merits. To the extent that Plaintiff's claims are

based upon his security classification, in Delaware, inmates have no constitutionally protected interest in their classification. Riley v Snyder, 72 F.Supp.2d 456, 460 (D.Del. 1999); Carrigan v. State of Delaware, 957 F.Supp. 1376, 1385 (D.Del. 1997). Nor has Plaintiff established a threat of irreparable harm as he attached letters with his motion wherein he addresses the issue with prison administrators. As to the third prong, in light of the fact that Plaintiff Wilson's request goes directly to the manner in which the Delaware Department of Correction operates it prison, an injunction would substantially harm Defendants. See Carrigan v. State of Delaware, 957 F.Supp. 1376, 1385 (D.Del. 1997). Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. Id. Accordingly, based upon the foregoing analysis, Plaintiff Wilson's Motion for Injunction and Temporary Restraining Order is DENIED.

NOW, THEREFORE, IT IS HEREBY ORDERED this 2 day of February, 2006, that the Motion for Injunction and Temporary Restraining Order (D.I. 53) filed by Plaintiff James A. Wilson is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

2



Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

FILED
FEB 21 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

049J82023030
$00.390
02/09/2006
Mailed From 19801
US POSTAGE
neopost

RTS RETURN TO SENDER
● OTHER
A ☐ INSUFFICIENT ADDRESS
  ☐ ATTEMPTED NOT KNOWN
C ☐ NO SUCH NUMBER/STREET
  ☐ NOT DELIVERABLE AS ADDRESSED
S ☐ - UNABLE TO FORWARD

Tim Soodain
Tim Soodain, Pro se
2602 North Washington Street
Wilmington, DE 19802
PRO SE