IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 05-399-JJF |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS/SUMMARY JUDGMENT**

COME NOW, Defendants through the undersigned counsel and reply to Plaintiffs' answer to Defendants' motion to dismiss/summary judgment. In support of this reply, Defendants state the following:

**I.     WILSON LACKS STANDING TO BRING THIS CASE**

James Wilson ("Wilson") does not have standing to pursue this lawsuit. A three prong test is required to determine if a party has standing. The Supreme Court has held that a plaintiff must 1) demonstrate that he has suffered a "personal injury" in fact; 2) show that the injury is "fairly traceable to defendant's allegedly unlawful conduct"; and 3) the injury is "likely to be redressed by the requested relief." *DaimlerChrysler Corp. v. Cuno*, 126 S.Ct. 1854, 1861 (2006). The Supreme Court in *Cuno* explained that a "core component" necessary for those seeking to adjudicate claims in the federal courts is that they actually have a "case or controversy" as required by Article III of the United States Constitution. *Cuno*, 126 S. Ct. at 1861. The Supreme Court in *Cuno* goes on to hold that 'a plaintiff must demonstrate standing separately for each form of relief sought.' *Id* at 1867. (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental*,

528 U.S. 167, 185 (2000)). In this case, Wilson, the primary (and only) author of the three complaints[1] does not have standing to bring this case into the federal court.

In his complaints, the theme of Wilson's claims is that black inmates suffer from discrimination in the context of housing and jobs at Sussex Correctional Institution ("SCI"), and they are denied equal protection and de process in the area of housing and jobs. (*See* Complaint, ¶¶ 25-26). Wilson speaks in global, conclusory terms throughout all of his court filings, never once providing even a scintilla of information regarding injuries *he personally* suffered. At all the relevant times he filed the complaint and amended complaints, Wilson was housed in the Merit building at SCI. (*See* Affidavit of Melvin Hennessey, attached as Exhibit "A"). During those times he was also employed as an education assistant. (Ex. A). Therefore, his claim that black inmates are arbitrarily moved from the Merit housing and the "more desirable and better-paid jobs" does not state a claim for his personal injury, as evidenced by his own employment and housing at SCI. (*See* second amended complaint, ¶ 21). Even if there was a liberty interest in particular housing or employment within the prison, Wilson has not suffered any injury that would give rise to a claim for a constitutional violation. In addition, in paragraph twenty five of the complaint, it is not clear who is the "plaintiff" who was "convict[ed]." If the examples Wilson writes about on page four of the complaint are the basis for this claim, then Wilson has failed to allege any injury to himself. The examples provide vague allegations about inmates Henry and Cintra. Because Wilson has not suffered any injury he fails the first prong of the test for standing.

"[Defendants] failing to remedy unlawful conditions that they know or should know

---

[1] The complaints were filed as follows: June 15, 2005, Complaint (D.I. 1); August 11, 2005, Amended Complaint (D.I. 15); and October 24, 2005, Second Amended Complaint (D.I. 24), which is the subject of the motion to dismiss.

about… and [defendants] in refusing to overthrow the plaintiff's conviction…denied plaintiff the due process of law…" (Complaint, ¶¶ 25-26). These statements, made by Wilson in his second amended complaint do not show how the claims are traceable to the defendants' actions, and thus satisfy the second prong required to determine standing. Wilson makes only bald allegations bereft of any information that explain how the defendants are responsible for the chimerical injuries he allegedly suffered. In paragraph twenty five of the complaint Wilson claims that some not clearly identified conviction of another inmate should be overthrown, but provides no information that there even is any injury, let alone how it is traceable to any specific defendant. The fact that Wilson himself has alleged no personal injury in fact, and cannot demonstrate an injury, means that he cannot trace an injury to the defendants. Therefore, Wilson fails the second prong of the test for standing.

The third prong of the test requires that the injury will be redressed by the relief requested by the plaintiff. *Cuno,* 126 S.Ct. at 1861. Wilson must show that he has standing for each of the form of relief he requested in his complaint. *Id.* at 1867. Wilson demands declaratory judgments, injunctive relief, money damages, and asks the Court to essentially take control of the institution in order to enforce the other requested forms of relief. (*See* Complaint, at p. 9). Wilson has not provided any information regarding how each of these forms of relief is pertinent to him, personally, as he has not suffered the alleged discrimination, due process violations or an equal protection violation. Therefore, Wilson fails this prong of the standing analysis. With his failure to satisfy any of the prongs of the test for standing, Wilson's complaint should be dismissed.

**II.    WILSON AND HIS CO-PLAINTIFFS LACK THIRD-PARTY STANDING.**

Plaintiff Wilson ("Wilson") lacks standing to raise constitutional claims for other inmates

because he has not shown how *he* suffered any of the alleged injuries claimed in his three complaints. The Third Circuit Court of Appeals has held that "[t]o successfully assert third-party standing: (1) the plaintiff must suffer injury; (2) the plaintiff and the third party must have a 'close relationship'; and (3) the third party must face some obstacles that prevent it from pursuing its own claims." *Nasir v. Morgan*, 350 F.3d 366, 376 (3rd Cir. 2003) ( *quoting Campbell v. Louisiana,* 523 U.S. 392, 397, 118 S.Ct. 1419, 140 L.Ed.2d 551, (1998)).

    A.    **Wilson has not suffered an injury.**

In this case, Wilson has not alleged any cognizable personal injury. Further, the conclusory allegations that fill the complaint do not shed any light on what injury he sustained.

Wilson, who authored the complaints makes nothing more than conclusory statements and bald allegations regarding all of the other listed plaintiffs. The only names specifically mentioned are inmates Henry and Cintra. (*See* Complaint, at p. 4). The global claims of discrimination do not even recite facts about any of the other listed plaintiffs. At best, the recitation of the allegations about inmates Henry and Cintra are vague and uninformative. In fact, Cintra is no longer in prison, his mail is returned, and he has not been located. There is not one fact in any of the three complaints about any other putative plaintiff listed in this case. The vague and global claims of being injured when due process and equal protection rights were violated, are not connected in any way to each listed plaintiff, and there are no facts in any of the complaints showing the basis of those claims. Where there is no information about each person, and which right was violated, and in what manner that right was violated, there is no third-party standing whereby Wilson may sue to vindicate the rights of the other listed plaintiffs.

    B.    **Wilson and the other listed plaintiffs have no close relation to each other.**

Wilson and the other listed plaintiffs fail the second prong of the test for third-party

standing in this case, as they have no close relation to each other. The Third Circuit has held that "[a] 'close' relationship for third-party standing must allow the third-party plaintiff to operate 'fully, or very nearly, as effective a proponent,' of the potential plaintiff's rights as would the plaintiff himself." *Nasir*, 350 F.3d at 376 (quoting *Pennsylvania Psychiatric Society v. Green Spring Health Services, Inc.,* 280 F.3d 278, 290 (3d. Cir. 2002.). The Court in *Nasir* explained that close relationships are those relations which are "neatly aligned." 350 F. 3d at 376. The examples given are those of doctor/patient, lawyer/client and vendor/customer. *Id.* at 376. In *Nasir*, a case about an inmate and a former inmate, the Court did not consider the relationship close for the purposes of standing. *Id.* In the instant case, Wilson admits to having minimal to no contact with the other listed plaintiffs.

In his answer, Wilson states in paragraph seven "Inmate James Wilson do [sic] not have enough time in a day to meet with and consult each inmate about every letter that comes from the court." (Answer at ¶ 7). Later in his answer Wilson states "Inmates are in different buildings and this why [sic] I'm doing a [sic] affidavit of the knowledge that I know concerning each issue or statement of facts or claim." (Answer, at ¶ 17). Wilson also admits "inmates either went home, or the Crest or work release…" (Answer, at ¶ 6). With these statements Wilson admits that he does not communicate with the other listed plaintiffs about the course of the litigation or the claims raised in the case. He talks about "the knowledge I know" about the various claims. However, in all three permutations of his complaint he cites to only two inmates as examples. Further, when Wilson states that he "do [sic] not have enough time in the day to meet and consult each inmate…" he is admitting that he does not keep them current on the course of the litigation, and quite possibly has not told them that this case had been dismissed in the autumn of 2005. Based on his own statements, it is clear that Wilson does not have the type of close

relationship with the other listed plaintiffs contemplated by the courts when third party standing is an issue. As of this date there are twenty eight other listed plaintiffs for which there is no information. In each of the three complaints filed with this Court there have never been any specific claims or any information about the alleged violations of their rights. Nothing is known about the twenty eight other people. Therefore, Wilson and the other twenty eight listed plaintiffs do not meet the criteria for standing to pursue this litigation.

>    **C.  There is no indication that the other listed plaintiffs are hindered or unable o pursue their individual claims.**

Wilson's complaints and his answer do not indicate that the other listed plaintiffs are hindered in any way from pursuing remedies for alleged constitutional violations in the same way that Wilson has; by filing a lawsuit. To meet the third prong of the Third-Party standing test the Third Circuit has held that there must be "some hindrance to the third party's ability to protect his or her own interests," *Green Springs*, 280 F.3d at 290 (quoting *Powers v. Ohio,* 499 U.S. 400, 411 (1991)). In this case, no hindrance has been alleged in any document filed with this Court. The other inmates have access to the courts in the same manner as Wilson. Wilson brought this lawsuit naming inmates in the Merit building as plaintiffs. (*See* Complaint, ¶ 15-19). The Merit building is an honor building and those housed there either hold jobs or are in programs. (Ex. A). Inmates who enjoy the privileges of programs and jobs can be expected to purse their own claims for alleged violations of their constitutional rights. In fact, several other listed plaintiffs have filed separate lawsuits in the federal courts.[2] Because no hindrance to pursuing individual litigation has been alleged, and at least some of the listed plaintiffs have filed other lawsuits, it is clear that there is no hindrance to the plaintiffs in vindicating their own

---

[2] Several plaintiffs listed in this case have filed lawsuit on their own behalf, such as *Eldon Potts*: C.A. 05-844-GMS, Third Circuit appeal # 06-2090; *Anthony Morris*; C.A. 04-1307-SLR; *George Jackson*: C.A. 05-823-KAJ, C..A. 95-127-LON, C.A. 92-191-LON, C.A. 92-290-RRM; *James Johnson*: C.A. 97-023-JJF. Jackson's case C.A. 05-823-KAJ lists a number of the same plaintiffs that are listed in the instant case.

rights. Therefore, Wilson has failed the third prong of the Third-Party standing test. As Wilson cannot meet the standard set for Third-Party standing, this lawsuit should be dismissed.

### III.   WILSON CANNOT ACT AS REPRESENTATIVE FOR THE OTHER LISTEDPLAINTIFFS.

After filing his complaint and the second amended complaints (D.I. 1 and 24), this Court ordered that the plaintiffs may not maintain this lawsuit as a class action. (D.I. 14 and 34). However, as Wilson's answer shows, he believes that he does have the authority to act on behalf of the other inmates. In paragraph six of his answer, Wilson states that he used the same signature page over and over because some inmates "went home or the Crest or work release…" (D.I. 84, ¶ 6). His statements in paragraph six and his inclusion of the same signature page, Wilson is attempting to act as a representative for the other listed plaintiffs, even though he admits he has no contact with them.

"[C]ourts have consistently held that a prisoner acting *pro se* is inadequate to represent the interests of his fellow inmate in a class action." *Brathwaite v Taylor,* No. 00-435-GMS, 2001 WL 1117134, at *2 at FN3 (D. Del. September 13, 2001)(*citing Maldonado v. Terhune*, 28 F.Supp.2d 284, 299 (D.N.J.1998); *Caputo v. Fauver,* 888 F.Supp. 168, 170 (D.N.J.1992)). *See also*, *Pusey v. Green*, C.A. No. 02-351-SLR, 2003 WL 105480, at *4 (D. Del. January 7, 2003)(denying a *pro se* inmate's motion for class certification due to inability to "adequately represent the interests of his fellow inmates" and citing *Maldonado*.). Plaintiff has failed to distinguish this matter from prior rulings of both the District and Circuit court refusing to grant class certification to inmate plaintiffs. Plaintiff, as a *pro se* inmate, is *per se* inadequate to represent the interests of the putative class.

In addition, Plaintiff has failed to provide any supporting affidavit, or any document indicating that the remaining members of the putative class have chosen Plaintiff to act as their

representative. For all of these reasons, Plaintiff is not qualified to bring a lawsuit or act as a representative of other inmates at SCI.

## IV.   WILSON'S COMPLAINTS AND ANSWER FAIL TO MEET THE MINIMUM REQUIREMENTS TO STATE A CLAIM FOR RELIEF.

Wilson's allegations in the second amended complaint in paragraphs twenty five and twenty six, such as "[Defendants] failing to remedy unlawful conditions that they know or should know about" and "refusing to overturn the plaintiff's conviction…describe due process violations…" not only demonstrate inartful pleading, they fall below the lenient pleading standard allowed to *pro se* litigants. (*See* complaint, ¶¶ 25-26). To put a defendant on notice of what wrong he or she committed, a complaint must state the basic facts of who did exactly what to whom, and when the alleged violation occurred. Wilson does none of this. Defendants are left to guess, even after three versions of his complaint, what policies and what harm they did to Wilson and each or the thirty original listed co-plaintiffs.

Defendants are entitled to dismissal because Wilson, in his complaint and answer has failed to state a claim for which relief can be granted. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may, upon a party's motion, dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the court must accept as true all factual allegations contained in the complaint as well as all reasonable inferences that may be drawn from those allegations, and view them in the light most favorable to the nonmoving party. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.*

Though *pro se* pleadings are entitled to leniency, such pleadings must still place a defendant on notice as to what wrong he has supposedly committed. *Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir. 1985) ("[I]f a plaintiff presents only vague and conclusory allegations, the complaint should be dismissed."). *See also Solis v. Breslin*, 107 Fed.Appx. 262, 264 (2d Cir. 2004)(quoting *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 514 (2002)(affirming the District Court's dismissal of a *pro se* inmate's complaint because he had "not alleged the occurrence of any specific acts" which gave the defendants "fair notice" of what his claim was and "the grounds upon which they rest."). "Plaintiffs suing governmental officials in their individual capacities, . . . must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). "This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Id.* In his Complaint, his Answer to the Motion to Dismiss/summary judgment, Wilson continually makes the same vague, unsupported and conclusory allegations.

When considering a motion for summary judgment the Court shall grant a motion for summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to some material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must present more than "a mere scintilla of evidence" in its favor and cannot just rely on factually unsupported assertions set forth in its pleadings. *Anderson*, 477 U.S. at 325; *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rather, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial."* Fed. R. Civ. Proc. 56(e). There is no "genuine issue for trial" if the record, taken in its entirety, could not lead a rational trier of fact to find in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587. If the factual context of a case makes the nonmoving party's claims implausible, the nonmoving party is required to present "more persuasive evidence to support [its] claim than would otherwise be necessary." *Id.* at 587.

While the court must draw all justifiable inferences in favor of the nonmoving party, those inferences must be reasonable. "[T]he court is not required to turn a blind eye to contradictions in a party's submissions to the court." *Howell v. Sam's Club*, 959 F. Supp. 260, 264 n.7 (E.D. Pa. 1997). Generally, the court should not assess credibility on summary judgment. "However, when evidence is so contradictory and fanciful that it cannot be believed by a reasonable person, it may be disregarded." *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 476 (S.D.N.Y. 2003). When the allegations rise to the level of the irrational or wholly incredible, the court can "pierce the veil of the complaint's factual allegations" to weigh their credibility. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In this case, the defendants have provided evidence to refute Wilson's conclusory allegations. In his answer, Wilson not only provides no evidence, but does not even provide cogent information that will point to a factual dispute. Instead, Wilson claims that if he had an attorney, he would be able to get all the information he needs to prove his allegations. His claim that he should be allowed to conduct discovery at this time is misplaced. Discovery is not required in order to meet the minimum standards of notice pleading. Wilson needed to supply facts about specific conduct each defendant committed with regard to each of the co-plaintiffs.

*Oliver*, 276 F.3d at 741. The plaintiff in a case is the one in the best position to know the facts of his case and should put them forward. However, Wilson failed to provide even basic information about his allegations. Claiming that policies are discriminatory and that the defendants committed due process violations does not provide even the basic level of notice required for a complaint. Wilson admits he does not have contact with the other listed plaintiffs, does not "have enough time in the day to meet with and consult each inmate…", and has supplied only two examples of what he believes are constitutional violations out of an original group of thirty co-plaintiffs.

In his complaint there are no facts to support his claims, no specific allegations about what the defendants did to whom, and when. Without more, Wilson's complaint fails to state a claim for which relief can be granted.

Wilson makes much about how he can prove his case if had the chance to conduct discovery. However, he had the chance to put forth adequate facts to state a claim, yet he failed to do so. A motion to dismiss is meant to test the adequacy of the complaint. One of the purposes of allowing a party the opportunity to file a Motion to Dismiss, is so that the Court may make a decision regarding the sufficiency of the plaintiff's claims before committing resources to the discovery process. This complaint is so deficient it must fail.

V.  **WILSON DOES NOT MEET THE CRITERIA FOR APPOINTMENT OF COUNSEL.**

In his answer, Wilson appears to be trying to make a claim for appointment of counsel. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (See, *Smith Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of

substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case." *Id* at 26, *accord, Pierce v. Vaughn*, 1992 U.S. Dist. LEXIS 12, 553 (E.D.P.A. Aug. 21, 1992); *Robinson v. Barone*, 1992 U.S. Dist. LEXIS 13, 940 (E.D.P.A. Sept. 15, 1992). The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied*, 114 S. Ct. 1306 (1994).

Wilson's claims are not so complex that he requires counsel. Wilson does have access to the law library, as evidenced by the documents that he has filed with the Court so far in this case. Plaintiff fails to establish any other "special circumstances indicating the likelihood of substantial prejudice" without the appointment of counsel. Accordingly, Plaintiff's Motion for Appointment of Counsel should be denied.

### VI. IN HIS ANSWER, WILSON PRESENTS NO NEW INFORMATION THAT ILLUMINATES HIS DUE PROCESS AND EQUAL PROTECTION CLAIMS.

Wilson's answer does not supply any new detail about the alleged discrimination and other constitutional violations he claims in his complaint. "Discriminatory intent may be established by showing an unequal application of a prison policy or system, but conclusory assertions of racism are insufficient." *Hill v. Thalacker*, 399 F. Supp. 2d 925, 929 (W.D. Wis. 2005)(citing *Minority Police Officers Ass'n v. South Bend,* 801 F.2d 964, 967 (7th Cir.1986). Wilson's complaint and answer provide not information about what specific policies violate the

constitution and who specifically violated what policy.

Wilson's statements in his complaint regarding jobs and classification doe not state a viable claim, and he adds nothing in his answer to support his claims. Wilson and the other listed plaintiffs still do not have a liberty interest in housing, classification or jobs. *Abdul-Akbar v. Dep't of Correction*, 910 F. Supp. 986 (D. Del. 1995)(inmates have no "legitimate entitlement" to employment or rehabilitation); *Carrigan v. State of Delaware*, 957 F. Supp. 1376 (D. Del. 1997)(prisoner has no constitutionally protected interest in a particular classification).

Because Wilson has not filled in the gaps with any specific information about what the defendants did that violated the constitution, his claim remains deficient and thus must fail.

## CONCLUSION

For all the reasons stated above and in their motion to dismiss, and as this is the final pleading allowed for this motion to dismiss, Defendants respectfully request that this Honorable Court enter an order granting Defendants' motion to dismiss/summary judgment.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Lisa Barchi
Lisa Barchi  #3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

DATE: June 3, 2006                           Attorney for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 3, 2006 I electronically filed *Reply in Support of Their Motion to Dismiss/Summary Judgment* with the Clerk of Court using CM/ECF.  I hereby certify that on June 3, 2006 I have mailed by United States Postal Service, the document to the following non-registered participant:

    Eldon Potts, Inmate
    SBI #  211193
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    Frank Williams, Inmate
    SBI #  261867
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    Howard Parker, Inmate
    SBI # 165324
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    James Johnson, Inmate
    SBI #  155123
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    Roderick Brown, Inmate
    SBI #  315954
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    Nathan Henry, Inmate
    SBI #  324881
    Sussex Correctional Institution
    Post Office Box 500

Georgetown, DE 19947

George A. Jackson, Inmate
SBI # 171250
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jerome Green, Inmate
SBI # 147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jose Serpa, Inmate
SBI # 350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Anthony Morris, Inmate
SBI # 300363
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Roderick Brown, Inmate
SBI # 315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

James A. Wilson, Inmate
SBI # 163663
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

    STATE OF DELAWARE
    DEPARTMENT OF JUSTICE

    /s/ Lisa Barchi
    Lisa Barchi

Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us