IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al.,             ) | |
|                                       ) | |
|         Plaintiffs,                   ) | |
|                                       ) | |
|     v.                                ) | C.A. No. 05-399-JJF |
|                                       ) | |
| STANLEY TAYLOR, et al.,               ) | |
|                                       ) | |
|         Defendants.                   ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

**STATEMENT OF FACTS**

Plaintiffs filed this lawsuit on June 15, 2005. (D.I. 1). On August 11, 2005 Plaintiffs filed the first amended complaint. (D.I.15). The amended complaint was dismissed as frivolous on October 11, 2005, and Plaintiffs were given twenty days to file a second amended complaint. (D.I. 23). On October 24, 2005, the second amended complaint was filed. (D.I. 24). The second amended complaint is identical to the first amended complaint with the exception of the addition of paragraphs twenty five and twenty six. (D.I. 24).

Defendants filed a motion to dismiss on April 18, 2006. (D.I. 80). On May 5, 2006, Plaintiffs filed an answer to Defendants' motion to dismiss. (D.I. 84). On the same day Plaintiffs filed their answer, Plaintiff Wilson ("Wilson" or "Plaintiff") also filed a motion to amend the complaint for a third time. (D.I. 85). The proposed amendment to the complaint concerns only allegations regarding Wilson's housing and employment.

Wilson's proposed amendment to the complaint appears to concern the fact that he was moved from one housing unit to another. Wilson enumerates the differences between his previous housing unit and the new accommodations, without stating how the new housing unit

violates any of his constitutional rights

## MEMORANDUM OF LAW

**I.      PLAINTIFF'S PROPOSED AMENDED CLAIM IS FUTUILE AND THUS THE COMPLAINT SHOULD NOT BE AMENDED.**

Plaintiff's proposed amendment is futile because it fails to state a claim for which relief may be granted. "[A] court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, **or his or her amended claims are futile**." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)(emphasis added). An amendment to a pleading is deemed futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *Satellite Fin. Planning Corp. v. First Nat'l Bank,* 646 F.Supp. 118, 120 (D.Del. 1986).

Plaintiff's proposed amendment is futile because it fails to state a claim upon which relief can be granted as to any new claims. "The complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Though *pro se* pleadings are entitled to leniency, such pleadings must still place a defendant on notice as to what wrong he has supposedly committed. *Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir. 1985) ("[I]f a plaintiff presents only vague and conclusory allegations, the complaint should be dismissed."). In this instance, Wilson appears to be presenting a new claim because he believes he was moved from the Merit building in retaliation for filing grievances. However, his proposed amendment fails to state a claim for which relief may be granted.

**II.     PLAINTIFF HAS NO LIBERTY INTEREST IN HIS SECURITY CLASSIFICATION, EMPLOYMENT OR HOUSING LOCATION AND THEREFORE HIS AMENDED CLAIM MUST FAIL.**

### A. Plaintiff has no liberty interest in a particular housing unit.

Wilson's attempts to amend his complaint because he was moved from the Merit housing unit to another unit fail to state a claim for a constitutional iolation. In order to legally state a cause of action, Plaintiff must demonstrate a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995). "It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

> *Hewitt* makes clear that the Fourteenth Amendment Due Process Clause does not by force of its own words create a liberty interest in a prison inmate "being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.

*Leyton v. Beyer*, 953 F.2d 839, 845 (3d Cir. 1992). In relation to an incarcerated individual's liberty interests, the Supreme Court has held that such liberty interests are limited to "freedom from restraint" which imposes an "**atypical and significant hardship** in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (emphasis added).

> [T]he baseline for determining what is "atypical and significant" is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.

*Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997). There are two factors the Court must consider in determining whether an inmate has suffered an "atypical and significant hardship". The Court must consider: 1) the amount of time the prisoner was placed into disciplinary segregation; and 2) whether the conditions of his confinement in disciplinary segregation were significantly more restrictive that those imposed on other inmates in solitary confinement.

*Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000). "*Sandin* instructs that **placement in administrative confinement will generally not create a liberty interest**." *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000)(emphasis added). "The decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 26 (2002)(*citing Meachum v. Fano,* 427 U.S. 215, 225 (1976)).

Wilson alleges that he was moved from the Merit building without being given a reason. The privations described by Plaintiff in his motion to amend his complaint are not the type that pose an "atypical and significant hardship." *Sandin* , 515 U.S. at 483-84.   Wilson describes having less recreation time, having to live in a dormitory setting rather than in a room with one other cellmate, lack of typewriters for typing legal paperwork, and being deprived of all of his legal paperwork.  Some of Plaintiff's allegations are incorrect, and none describe a constitutional violation.

Plaintiff has no liberty interest in remaining in any particular housing unit.  Dormitory settings, while not as comfortable and private as a cell with one other cellmate, are neither atypical in the prison setting, or a significant hardship.  Although the Court in *Shoats* addressed administrative segregation, the same principle applies to Plaintiff's situation.  Placement in administrative confinement does not invoke a liberty interest, nor does movement to another housing unit with the same classification. The prison is not required by the constitution to tell Plaintiff why he was moved.  As the Third Circuit Court of Appeals in *Leyton* held, there is no liberty interest in being placed in a particular housing unit. *Leyton* 953 F.2d at 845.  Nor, as the Supreme Court held in *Hewitt*, is there a constitutional violation created because Plaintiff was moved to a more restrictive, environment with fewer amenities for apparently non-punitive reasons.  *Hewitt*, 459 U.S. at 468.  The fact that he shares his sleeping quarters with a number of

other inmates, and does not have access to the same amount of time in the yard, and the fact that he does not have access to a typewriter, does not amount to a constitutional violation.

As to Wilson's claim that he does not have access to a typewriter, thus hindering him when pursing his "several civil cases," the lack of a typewriter is not an impediment to accessing the courts. (*See* motion to amend, ¶ 6). As is clear by Wilson's current motion to amend, and his answer to Defendants' motion to dismiss, both accepted for filing by this Court, the fact that his documents are handwritten does not limit his ability to pursue his cases.

Plaintiff's claim in paragraph ten has no merit. Other inmates housed in the same housing unit presumably pursue court cases and keep their legal paperwork in their locker box. Plaintiff is allowed to have his legal paperwork with him in his new housing unit. However, the rules of the housing unit state that he must maintain all personal items in his locker under his bed. Therefore, Plaintiff may keep his legal paperwork with him, but he will have to store it in the locker under his bed. Plaintiff's proposed amendment regarding housing is without merit and thus futile.

   **B. Plaintiff has no liberty interesting maintaining employment in prison.**

Wilson claims that he was removed from his job as an education assistant when he was moved from the Merit building. Wilson does not have the right to maintain a particular job. *Abdul-Akbar v. Dep't of Correction*, 910 F. Supp. 986 (D. Del. 1995)(inmates have no "legitimate entitlement" to employment or rehabilitation). Because Plaintiff has no right to a particular job, or any job, the fact that he lost his job does not state a claim for a constitutional violation. Therefore, Plaintiff's proposed amendment is futile and should not be allowed.

**III. PLAINTIFF CANNOT SHOW A COGNIZIBLE CLAIM FOR RETALIATION BECAUSE HE HAS FAILED TO ALLEGE A CONSTITUTIONAL VIOLATION.**

In his proposed amendment to his complaint, Plaintiff claims he was subjected to retaliation for filing grievances. However, he offers no facts that clarify his bald allegations that "[p]laintiff is be [sic] retaliated against and his 1st [sic] Amendment right is being violated." (See motion to amend, at ¶ 12). "Government actions, which standing alone do not violate the Constitution, may nevertheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Allah v. Seiverling,* 229 F.3d 220, 224-25 (3d Cir. 2000)(citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999). A prisoner alleging violation of his Constitutional rights due to retaliation against him must show: (1) "the conduct which led to the alleged retaliation was constitutionally protected"; (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) "a causal link between the exercise of his constitutional rights and the adverse action." *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001)(citations omitted).

Wilson does not state what constitutionally protected activity he was engaged in when he suffered the alleged retaliation. Wilson has no constitutionally protected right to a particular housing unit or job. Therefore, Wilson fails the first prong of the test for retaliation. Moving an inmate and removing him from a job is not an adverse action for the purposes of alleging a constitutional violation. Without an adverse action regarding a constitutionally protected activity, there is no causal link between the activity and an adverse action. Thus, Wilson's claim of retaliation is futile.

**IV.   PLAINTIFF IS ATTEMPTING TO ENGAGE IN PIECEMEAL LITIGATION, WHICH IS NOT PERMITTED UNDER RULE 15.**

Wilson filed this motion to amend his complaint after the responsive pleading in the form of a motion to dismiss/summary judgment was filed, and concurrent to Plaintiff filing his answer to the motion to dismiss. (D.I. 84 and 85). Wilson's motion to amend his complaint is an

example of engaging in piecemeal litigation, and should not be permitted. "Fed.R.Civ.P.15(c) was never … *intended to permit a plaintiff to engage in piecemeal litigation.*" *Ecke v. U.S.,* 1994 WL 782230, at * 13 (D. Del. 1994)(emphasis in original)(granting defendants motion to dismiss an amended complaint based on Rule 15). The proposed amendment dos not state a claim for a constitutional violation. It is an example of the piecemeal litigation strategy that was not intended by Rule 15. Further, Plaintiff cannot expect that he has an additional constitutional claim and should be allowed to amend his complaint each time he feels aggrieved by his circumstances.

## CONCLUSION

For all the reasons stated above, Defendants respectfully request that this Honorable Court enter an order denying Plaintiff's motion to amend his complaint.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Deputy Attorney General
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

Date: June 8, 2006                              Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    C.A. No. 05-399-JJF |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

    AND NOW, this \_\_\_\_ day of _____, 2006, the Motion to Amend the Complaint, and Defendants' answer in opposition, in the above captioned matter having been duly considered,

    IT IS ORDERED that Plaintiff's Motion to Amend the Complaint is DENIED.

    _____

    J.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2006 I electronically filed *Defendants' Opposition to Plaintiff's Motion to Amend His Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on June 8, 2006 I have mailed by United States Postal Service, the document to the following non-registered participant:

Eldon Potts, Inmate
SBI # 211193
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Frank Williams, Inmate
SBI # 261867
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Howard Parker, Inmate
SBI # 165324
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

James Johnson, Inmate
SBI # 155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Roderick Brown, Inmate
SBI # 315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Nathan Henry, Inmate
SBI # 324881
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

George A. Jackson, Inmate
SBI # 171250
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jerome Green, Inmate
SBI #  147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jose Serpa, Inmate
SBI #  350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Anthony Morris, Inmate
SBI #  300363
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Roderick Brown, Inmate
SBI #  315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

James A. Wilson, Inmate
SBI #  163663
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi
Deputy Attorney General
Department of Justice

820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us