IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-399-JJF |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO GEORGE JACKSON'S MOTION
TO BE REMOVED FROM LAWSUIT**

COME NOW, Defendants, though the undersigned counsel, and respond to the motion to withdraw from the lawsuit filed by George Jackson (D.I. 94). In support of their response, Defendants state the following:

1.  Plaintiff George Jackson ("Jackson" or "Plaintiff") is currently incarcerated at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. At all times since the inception of this lawsuit he has resided in the Merit building and held a job in the prison kitchen.

2.  Jackson claims he is suffering retaliation for his role as a plaintiff in this lawsuit. However, Jackson himself has filed other lawsuits in the past.[1] This lawsuit is just one of several that Jackson has filed or participated in as a plaintiff. Jackson has resided in the merit building since it opened and has maintained his privilege of having a job, even though he participates in this lawsuit and has filed other suits.

3.  Pat Ditto and Donna Furhman were named as defendants in the second amended complaint filed by James Wilson on October 24, 2005 ( D.I. 24). Before they were served with the lawsuit, they were dismissed from the suit by order of this Court on December 12, 2005 (D.I.

---

[1] The lawsuits in which George Jackson is a plaintiff are: C.A. 05-823-KAJ, C..A. 95-127-LON, C.A. 92-191-LON, C.A. 92-290-RRM. In all but C.A. 05-823-KAJ, Jackson was the only plaintiff in the case.

34). Because they were never served with the lawsuit they were not aware that they were ever named in the suit. (*See* Affidavit of Pat Ditto at ¶ 3, attached as Exhibit "A"). Therefore, Jackson's claim that he suffered retaliation due to being a plaintiff in a lawsuit has no basis in fact.

4. Jackson claims that several other listed plaintiffs were fired from their jobs "from bogus firing since the filing of the lawsuit" and subsequently removed from the Merit building. Jackson does not provide any facts regarding the job losses or why they were "bogus firings." (Motion at ¶ 4). Nor does Jackson provide facts that clearly state any causal connection between being part of a lawsuit and the alleged "bogus firings."

5. Jackson alleges that other inmates have been classified out of the kitchen jobs in the last two years, yet he has been denied a move to a more desirable job. (Motion at ¶ 5). However, Jackson goes on to state in the affidavit attached to his motion that he never asked for a job change until February, 2006. (Jackson affidavit, at ¶ 2). Therefore, Jackson's apparent argument that he was passed over for better jobs has no merit, when he admits that before February, 2006, he never even asked for another job.

6. In his affidavit Jackson claims the law library staff requested that he be assigned to the library. (Jackson affidavit at ¶ 5). However, the law librarian did not specifically ask to have Jackson assigned to the law library. (*See* affidavit of Judy Lederman, attached as Exhibit "B"). Ms. Lederman and Donna Furhman spoke to several inmates regarding the job in the law library. Jackson was told that he would be a candidate for the job, pending classification, not that he was assured the job. Subsequently another inmate was chosen for the job. (Ex. B). As this Court has held in *Abdul-Akbar*, no inmate is entitled to a particular job, or any job. *Abdul-Akbar v. Dep't of Correction*, 910 F. Supp. 986 (D. Del. 1995). Therefore, Jackson was not entitled to any

particular job, and while he may disappointed that he did not get the job, he cannot legally claim that he suffered retaliation when the job went to another inmate.

7.     Jackson claims that he suffered retaliation at the hands of Ditto and Furhman because they did not recommend a sentence modification for him.  However, it is very rare for the institution to recommend a sentence modification.  In Jackson's case, he is not eligible to apply for a sentence modification until the year 2009.  (Ex. A).

8.     Jackson's vague claims of retaliation have been made for dramatic effect as an attempt to influence the Court.  Jackson's classification and status in the prison have not changed since the inception of this lawsuit. He still has employment and continues to reside in the Merit building.

## CONCLUSION

Defendants do not object to George Jackson and the other inmates listed on his motion withdrawing from the lawsuit.  Defendants respectfully request that the Court disregard Jackson's unsubstantiated, vague and global allegations which do not provide the causal link between the protected activity and the alleged retaliation.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Lisa Barchi
Lisa Barchi  #3927
Deputy Attorney General
Carvel State Office Building
820 N.  French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

DATE:  June 16, 2006                              Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2006 I electronically filed *Defendants' Response to Plaintiff's Motion to Withdraw from Lawsuit* with the Clerk of Court using CM/ECF.  I hereby certify that on June 16, 2006 I have mailed by United States Postal Service, the document to the following non-registered participant:

    Eldon Potts, Inmate
    SBI #  211193
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    Frank Williams, Inmate
    SBI #  261867
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    Howard Parker, Inmate
    SBI # 165324
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    James Johnson, Inmate
    SBI #  155123
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    Roderick Brown, Inmate
    SBI #  315954
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

    Nathan Henry, Inmate
    SBI #  324881
    Sussex Correctional Institution
    Post Office Box 500
    Georgetown, DE 19947

George A. Jackson, Inmate
SBI # 171250
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jerome Green, Inmate
SBI # 147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jose Serpa, Inmate
SBI # 350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Anthony Morris, Inmate
SBI # 300363
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

James A. Wilson, Inmate
SBI # 163663
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us