IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 05-399-JJF |
| ) | |
| STANLEY TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF PATRICIA S. DITTO

I, Patricia S. Ditto, having been duly sworn according to the law, do hereby depose and state the following:

1. I am employed by the State of Delaware, Department of Correction at the Sussex Correctional Institution ("SCI"), in Georgetown, Delaware as a Treatment Administrator. I have been employed by the Department of Correction for over 23 years (over 26, total state service). My duties include supervision of Counseling staff, Classification staff, Recreation staff, Law Library staff & Administrative Specialists. I have held this position since 1/1/00.

2. In response to a request from the State of Delaware Department of Justice, I have been asked to provide information regarding my professional knowledge of George Jackson.

3. Until June 13, 2006, I was unaware that I, or Donna Furhman were ever named as defendants in the above captioned case. Because I did not know about the case in which he is a plaintiff, there is no way for me to retaliate against him because he filed a lawsuit and attempted to name me as a defendant.

4. George Jackson has lived in the Merit building prior to June, 2005, and continues to reside in the Merit Building. At one time inmate Jackson was classified to be moved to the

Delaware Correctional Center ("DCC") because he had exhausted the programming options available at Sussex Correctional Institution ("SCI"). However, inmate Jackson was never transferred, and remained in the Merit building.

5. George Jackson has held a job in the kitchen at SCI for approximately fourteen years.

6. In May 2006, inmate Jackson, along with other inmates were interviewed for a job in the law library.

7. Subsequent to the interviews, another inmate was offered the job.

8. In a letter to the warden, which was forwarded to me, inmate Jackson stated that he has never asked for another job.

9. When asked my opinion, I did not recommend inmate Jackson for a job in the law library. I told them that he was probably not the best candidate for the position, and that going from the kitchen to the law library after 14 yrs. is a big leap in job duties. The law library job is a sensitive position that requires an increased level of trust and rational thinking.

10. The law librarian did not ask to have inmate Jackson work in the law library. The library did ask for my recommendation regarding some inmates who were being considered for the job.

10. Inmate Jackson did volunteer for a Mock Parole Board Hearing in October, 2005. In that hearing inmate Jackson was questioned about his criminal history as any inmate could be questioned in a Parole Board hearing. The other inmates who volunteered for the exercise were questioned in the same manner as George Jackson. No one at the exercise was more aggressive with him than any other inmate.

11. It is very rare that the Institution recommends an inmate for a TIS sentence modification based on exceptional rehabilitation. It was explained to inmate Jackson that this is very rare. It was not said to him we never recommend a sentence modification. Per Del. code inmate Jackson

is not eligible for TIS modification consideration until he has served ½ of his sentence which is the year 2009.

12.  I have made these statements based upon my professional knowledge, specialized training, and experience as an employee of the Department of Correction.

*Patricia S. Ditto*
Patricia S. Ditto

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14 DAY OF June 2006.

*Rhonda Lee Zawora*
NOTARY

Rhonda Lee Zawora
Notary Public, State of Delaware
My Commission Expires April 20, 2008