Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

05cv399JJF

FILED
JUL 28 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RECEIVED
JUL 24 2006
SCI MAILROOM

Pedro Cintra
SBI #351589
SCI
P.O. Box 500
Georgetown, DE 19947

☒ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/STREET
☐ NOT DELIVERABLE AS ADDRESSED
– UNABLE TO FORWARD
☐ OTHER

RTS RETURN TO SENDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 05-399-JJF |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Pending before the Court is a Motion for a TRO and Preliminary Injunction filed by Plaintiff, James A. Wilson. (D.I. 59.) Plaintiff Wilson moves the Court for an order to restrain Defendants from reclassifying him to a higher security classification. Plaintiff Wilson previously sought, and was denied, injunctive relief on this issue. (D.I. 53, 55.)

The Memorandum Order denying injunctive relief was entered on February 2, 2006. (D.I. 55.) Plaintiff Wilson's current motion was filed with the Court on February 1, 2006. (D.I. 59.) In viewing the relevant dates, it is apparent that the Court's Order and Plaintiff Wilson's pending motion "crossed" in the mail.

NOW, THEREFORE, IT IS HEREBY ORDERED this 19 day of July, 2006, that for the reasons set forth in the Court's February 2, 2006, Order, Plaintiff Wilson's Motion for a TRO and Preliminary Injunction (D.I. 59) is **DENIED**.

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-399-JJF |
| ) | |
| STANLEY TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

At Wilmington this 19 day of July, 2006;

Plaintiff James A. Wilson, along with inmates at the Sussex Correctional Institute and the Delaware Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Plaintiffs appear pro se.

Now before the court is Plaintiff Wilson's motion for appointment of counsel. (D.I. 56.) Plaintiff seeks appointed counsel on the bases that he is unable to afford counsel, the issues in the case are complex due to the number of different legal claims, he has limited law library access, he has a limited knowledge of the law, Plaintiff inmates are prohibited from working with one another on legal issues, Plaintiff inmates are housed in different buildings, and much discovery will be necessary. (D.I. 56.)

The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is

within the Court's discretion to seek representation by counsel for Plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

In the present case, Plaintiff Wilson has shown that he is able to articulate the alleged facts clearly. To date, the

motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Also, contrary to Plaintiff Wilson's assertions, this is not a complex case.

IT IS THEREFORE ORDERED that James A. Wilson's motion for appointment of counsel (D.I. 56) is **DENIED** without prejudice.

_____
UNITED STATES DISTRICT JUDGE