IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 05-399-JJF |
| STANLEY TAYLOR, et al., | ) |
| Defendants. | ) |

### DEFENDANTS' ANSWER TO PLAINTIFF WILSON'S "CROSS SUMMARY JUDGMENT" MOTION

### STATEMENT OF FACTS

1.    James Wilson ("Plaintiff" or "Wilson") filed this lawsuit on June 15, 2006. He subsequently filed an amended complaint on August 11, 2005. (.D.I. 15). The complaint was dismissed on October 11, 2005. (D.I.23). Plaintiff filed his second amended complaint on October 24, 2005. (D.I.24). Defendants filed their motion to dismiss and memorandum of points and authorities in support of their motion on April 18, 2006. (D.I. 80 and 81).

2.    Plaintiff Wilson filed a motion titled "cross summary judgment" on July 11, 2006. (D.I. 103). This motion is factually almost identical to Plaintiff's amendment to his complaint in U.S. District Court case 06-053-KAJ. (D.I. 75 in case 06-053-KAJ). In that amendment Plaintiff alleges retaliation because he was transferred to another facility. In the "cross summary judgment " motion asks for summary judgment in his favor because he was transferred to another facility.

### MEMORANDUM OF LAW

I.    **PLAINTIFF HAS NO LIBERTY INTEREST IN HIS SECURITY CLASSIFICATION, EMPLOYMENT OR HOUSING LOCATION AND**

**THEREFORE HIS MOTION MUST FAIL.**

**A.     Plaintiff has no liberty interest in a particular housing unit.**

Wilson claims that he was removed from the Merit housing unit in retaliation for filing this lawsuit. In order to legally state a cause of action, Plaintiff must demonstrate a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995). "It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence*."* *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

> *Hewitt* makes clear that the Fourteenth Amendment Due Process Clause does not by force of its own words create a liberty interest in a prison inmate "being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.

*Leyton v. Beyer*, 953 F.2d 839, 845 (3d Cir. 1992). In relation to an incarcerated individual's liberty interests, the Supreme Court has held that such liberty interests are limited to "freedom from restraint" which imposes an "**atypical and significant hardship**" in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (emphasis added).

> [T]he baseline for determining what is "atypical and significant" is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.

*Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997). There are two factors the Court must consider in determining whether an inmate has suffered an "atypical and significant hardship". The Court must consider: 1) the amount of time the prisoner was placed into disciplinary segregation; and 2) whether the conditions of his confinement in disciplinary segregation were

significantly more restrictive that those imposed on other inmates in solitary confinement. *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000). "*Sandin* instructs that **placement in administrative confinement will generally not create a liberty interest**." *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000)(emphasis added). "The decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 26 (2002)(*citing Meachum v. Fano,* 427 U.S. 215, 225 (1976)).

Wilson alleges that he was moved from the Merit building without being given a reason. The privations described by Plaintiff in his motion to amend his complaint are not the type that pose an "atypical and significant hardship." *Sandin* , 515 U.S. at 483-84. Wilson's claims do not add up to a the "atypical and significant hardship" discussed in *Sandin.* In Wilson's situation he claims that he is entitled to a grant of summary judgment because he was transferred to the Delaware Correctional Center ("DCC"), in retaliation "because he files grievances." (D.I. 103).

Plaintiff has no liberty interest in remaining in any particular housing unit or institution. Although the Court in *Shoats* addressed administrative segregation, the same principle applies to Plaintiff's situation. Placement in administrative confinement does not invoke a liberty interest, nor does movement to another housing unit or institution. The prison is not required by the constitution to tell Plaintiff why he was moved. As the Third Circuit Court of Appeals in *Leyton* held, there is no liberty interest in being placed in a particular housing unit. *Leyton* 953 F.2d at 845. Nor, as the Supreme Court held in *Hewitt*, is there a constitutional violation created because Plaintiff was moved to a more restrictive, environment with fewer amenities for apparently non-punitive reasons. *Hewitt*, 459 U.S. at 468. Plaintiff was transferred to DCC so that he could take part in the Greentree treatment program. (*See* Affidavit of Pat Ditto, attached as Exhibit "A"). When he was moved from the Merit building, Wilson was offered the

opportunity to attend the Greentree program at DCC or work in the kitchen at the Sussex Correctional Center ("SCI").  Wilson refused to choose, so the treatment administrator made the choice.  (Ex. A at ¶ 6).

Wilson was transferred to DCC and subsequently enrolled in the Greentree program and a computer course.  (*See* Affidavit of Ron Hosterman, attached as Exhibit "B").  He will receive good time credits for the computer course.  Therefore, Wilson is not being denied the opportunity to obtain good time credits.  Although the Greentree program is not required as part of his sentence, the Superior Court has made completion of a substance abuse program part of his sentence.  (Ex. B at ¶ 4 and Superior Court Sentencing Order at p. 11, attached as Exhibit "C").

        **B.**       **Plaintiff has no liberty interesting maintaining employment in prison.**

Wilson claims that he was removed from his job as an education assistant when he was moved from the Merit building.  Wilson does not have the right to maintain a particular job.  *Abdul-Akbar v. Dep't of Correction*, 910 F. Supp. 986 (D. Del. 1995)(inmates have no "legitimate entitlement" to employment or rehabilitation). Because Plaintiff has no right to a particular job, or any job, the fact that he lost his job does not state a claim for a constitutional violation.

        **C.**       **Plaintiff does not have a constitutional right to a prison grievance process**.

Plaintiff claims that he has suffered retaliation because he wrote grievances.  Plaintiff says states he "was classified to D.C.C. because retaliatory actions [sic] because he files grievances."  (D.I. 103 at ¶ 4).  Plaintiff does not have a protected constitutional right to a prison grievance procedure.  *Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3rd Cir. 2005)(*citing* finding in *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991, that there is no liberty interest in having access

to a grievance procedure in prisons).   Because there is no constitutional right to a grievance procedure, Plaintiff cannot claim retaliation for engaging in a protected activity.

**II.      BY FILING A CROSS MOTION FOR SUMMATY JUDGMENT PLAINTIFF ADMITS THERE ARE NO GENUINE ISSUES OF MATERIAL FACT.**

When parties file cross motions for summary judgments, courts have held that no further evidence needs to be considered, other that what has been filed by the parties. *Barlow Family Limited Partnership v. Munson, Inc.*, 132 F. 3d 1316, 1319 (10th Cir. 1997). Plaintiff is asking the Court to decide the case on the evidence submitted and that only legal issues remain to be decided by this Court.  Plaintiff is asking this Court in his summary judgment motion to grant him relief based on a claim of retaliation in the form of actions which are not constitutionally protected activities.

## CONCLUSION

For the reasons stated above and in Defendants' memorandum of points and authorities in support of their motion to dismiss, already filed with this Court, Defendants request that this Court enter an order granting Defendants' motion to dismiss for failure to state a claim.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Lisa Barchi
Deputy Attorney General
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

Date: September 14, 2006                    Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2006, I electronically filed *Defendants' Reply Memorandum of Points and Authorities in Support of their Motion to Dismiss* with the Clerk of Court using CM/ECF. I hereby certify that on September 14, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants: James Wilson, Gilbert Williams, Jerome Green, Jose Serpa, Wiliam Coleman, Marvin Smith, DeShawn Tatman, Jerel Custin, and Fred Newsome.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi, I.D. # 3927
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us