Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

05 cv 399 JJF



FILED
U.S.M.S.
DEC 19 2006

RG
Scanned

Pedro Cintra
SBI #351589
SCI
P.O. Box 500
George

INSUFFICIENT ADDRESS
☒ ATTEMPTED NOT KNOWN
NO SUCH NUMBER/ STREET
☐ NOT DELIVERABLE AS ADDRESSED
- UNABLE TO FORWARD

☐ OTHER

RTS
RETURN TO SENDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| JAMES A. WILSON, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 05-399-JJF |
| | : |
| COMMISSIONER STANLEY TAYLOR, | : |
| et al., | : |
| | : |
| Defendants. | : |

### O R D E R

WHEREAS, on September 13, 2006, the Court entered an Order for Plaintiffs Brian Briscoe, Pedro Cintra, and Tim Soodain to show cause by October 6, 2006, why they should not be dismissed for failure to notify the Court of their current addresses and for failure to take any action in this matter for a period of at least three months (D.I. 114);

WHEREAS, Plaintiffs Brian Briscoe, Pedro Cintra and Tim Soodain did not respond to the Court's Show Cause Order and the mailed orders were returned as "undeliverable" (D.I. 116, 117, 119);

WHEREAS, on September 13, 2006, the Court ordered Brian Briscoe, Pedro Cintra, Darus Young, Jerry Weston, Samuel Jones, Antonio Frisby, H. Richards, Gilbert Williams, Norman DeShields, Tim Soodain, Charles Sanders, Kevin Spivey, Shaun Lee, DeShawn Smith, and Kendall Reed to advise the Court in writing by October 6, 2006, whether they wished to prosecute the case and remain as party plaintiffs (D.I. 114);

WHEREAS, the Court received no communication from Brian Briscoe, Pedro Cintra, Darus Young, Jerry Weston, Samuel Jones, Antonio Frisby, H. Richards, Gilbert Williams, Tim Soodain, Charles Sanders, Kevin Spivey, Shaun Lee, DeShawn Smith, or Kendall Reed, and the Order mailed to Kendell Reed was returned as "refused" (D.I. 120);

WHEREAS, on September 20, 2006, the Court received a letter from Howard Parker wherein he stated that he no longer wishes to be a Plaintiff in this action, and which the Court construes as a motion to voluntarily dismiss his claims pursuant to Fed. R. Civ. P. 41(a) (D.I. 118);

WHEREAS, on October 21, 2006, the Court received a letter from Norman Deshields requesting that he be dismissed as a Plaintiff, and which the Court construes as a motion to voluntarily dismiss his claims pursuant to Fed. R. Civ. P. 41(a) (D.I. 121);

THEREFORE, at Wilmington this 14 day of December, 2006, IT IS HEREBY ORDERED that:

1.    Plaintiffs Brian Briscoe, Pedro Cintra, and Tim Soodain are **DISMISSED** without prejudice as parties pursuant to D. Del. L.R. 41.1 (1995) and for failure to respond to the Show Cause Order.

2.    Plaintiffs Darus Young, Jerry Weston, Samuel Jones, Antonio Frisby, H. Richards, Gilbert Williams, Charles Sanders,

Kevin Spivey, Shaun Lee, DeShawn Smith, and Kendall Reed are **DISMISSED** as Plaintiffs for failure to comply with the Court's September 13, 2006 Order.

    3.    The Motions To Voluntarily Dismiss (D.I. 118, 121) are **GRANTED**, and Plaintiffs Howard Parker and Norman Deshields are DISMISSED WITHOUT PREJUDICE as Plaintiffs in this action pursuant to Fed. R. Civ. P. 41(a).

UNITED STATES DISTRICT JUDGE

3

125

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 05-399-JJF |
| | : |
| STANLEY TAYLOR, et al., | : |
| | : |
| Defendants. | : |

James A. Wilson, et al., Pro se Plaintiffs.

Lisa Barchi, Esquire, Deputy Attorney General, Delaware
Department of Justice.
Attorney for Defendants.

**MEMORANDUM OPINION**

December __, 2006
Wilmington, Delaware

to 28 U.S.C. § 1915A.  (D.I. 34.)  The remaining claims allege

that black inmates at the Sussex Correctional Institute ("SCI")

are routinely denied their right to procedural due process

pursuant to the Fourteenth Amendment during disciplinary hearings

and security classification determinations.  The Amended

Complaint raises an equal protection claim, alleging that white

inmates receive preferential treatment over similarly situated

black inmates in security classifications and job placement.  The

Amended Complaint also alleges that Defendant Sgt. Mears

("Mears") used excessive force against Plaintiff Pedro Cintra

("Plaintiff Cintra") and that Defendant Cpl. J. Stozenbach

("Stozenbach") failed to protect Plaintiff Cintra in violation of

the Eighth Amendment.  Plaintiffs allege that Defendants, who are

variously administrators, wardens, and other prison officials,

were personally involved in the alleged violations.

## II.   DISCUSSION

### A.   Motion To Dismiss

#### 1.   Standard of Law

Rule 12(b)(6) permits a party to move to dismiss a complaint

for failure to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss is

to test the sufficiency of a complaint, not to resolve disputed

facts or decide the merits of the case.  Kost v. Kozakiewicz, 1

-2-

alia, that the pleading "is not being presented for any improper purpose." Id. Section (c) of Rule 11 authorizes the Court to impose "an appropriate sanction" upon finding that "subdivision (b) has been violated" and giving notice and an opportunity to respond. Fed. R. Civ. P. 11(c). Dismissal, however, is only employed as a sanction in rare and limited circumstances, such as when a litigant makes untruthful statements or blatant misrepresentations to the Court, Joiner v. Delo, 905 F.2d 206, 207-08 (8th Cir. 1990), or fails to comply with an order of the Court. Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991).

In this case, it is not clear that a Rule 11 violation occurred. Plaintiff Wilson claims that every signer had knowledge that he and his co-plaintiffs were "petitioning the Court," and the signer who initially alleged that his name was put on the lawsuit "without permission" later admitted that he had signed the document without fully inquiring into its nature. (D.I. 84, Attach.) Plaintiff Wilson argued in his Reply that he duplicated the signature page for his Amended Complaint because he no longer had access to some of his fellow inmates. (D.I. 84, at 3.)

At this juncture, there is nothing to suggest that Plaintiff Wilson presented the Complaint for an "improper purpose." The

-4-

the Constitution." Id. Specifically, a transfer of a prisoner from one building to another, or even from one institution to another, "is within the normal limits or range of custody which the conviction has authorized the State to impose." Id. at 225.

This Court has repeatedly held that Delaware has created no constitutionally protected liberty interest in a prisoner's security classification, Jackson v. Brewington-Carr, Civ. No. 97-270-JJF, 1999 WL 27124, at *3 (D. Del. Jan. 15, 1999), even when the change in classification is disciplinary. Blizzard v. Watson, 892 F.Supp. 587, 597 (D. Del. 1995). Additionally, inmates do not have a liberty interest in keeping particular prison employment. James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989).

In order for an imposition on a prisoner's freedom from restraint to be considered "atypical and significant" so as to implicate a state-created liberty interest, the hardship must go beyond "what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997). As a general matter, "discipline by prison officials in response to a wide range of misconduct" does not meet this standard. Id. Even administrative segregation for punitive reasons does not violate a prisoner's liberty interest unless it

-6-

## 4. **Equal Protection**

Racial classifications within a prison system are evaluated under the same strict scrutiny as racial classifications generally, not the relaxed scrutiny given other prison policies and regulations under the standard set out in Turner v. Safley, 482 U.S. 78 (1987). Johnson v. California, 543 U.S. 499, 505, 509 (2005). To be upheld, therefore, racial classifications must be found to be "narrowly tailored measures that further compelling governmental interests." Johnson, 543 U.S. at 505, (quoting Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 227 (1995)).

To establish racial discrimination, a plaintiff suing under § 1983 must show that the defendant public official acted with a discriminatory purpose as the motivating factor. Abdul-Akbar v. Department of Corr., 1995 Del. Ch. LEXIS 38, at *11 (Del. Ch. Mar. 30, 1995). While "an unequal application of a prison policy or system" can amount to racial discrimination, "conclusory assertions of racism are insufficient." Hill v. Thalacker, 399 F.Supp. 2d 925, 929 (W.D. Wis. 2005). Furthermore, to state a claim under § 1983, a plaintiff must allege that the defendant public officials played "an affirmative role in the deprivation of [the plaintiff's] rights." Pennsylvania v. Porter, 659 F.2d 306, 336 (3d Cir. 1981).

-8-

protection." (Id.) "Personal involvement can be shown through allegations of personal direction or of actual knowledge or acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Therefore, the Court concludes that Plaintiffs have stated a cognizable Fourteenth Amendment equal protection claim upon which relief can be granted against Defendants Kearney and Taylor, and will deny the Motion To Dismiss as it pertains to that claim.

## 5.  Excessive Force/Failure to Protect

Defendants challenge Plaintiffs' Eighth Amendment excessive force claim against Defendant Mears on personal jurisdiction grounds, claiming that Plaintiffs have not effected service of process on Mears within the required time period of 120 days after filing the Complaint. See Fed. R. Civ. P. 4(m).

The Amended Complaint alleges that Mears used excessive force against Plaintiff Cintra and that Stozenbach failed to protect Cintra from Mears. A review of the Court file indicates that Plaintiff Cintra was dismissed from the case for failure to take any action in the case and for failure to respond to the Court's Show Cause Order of September 13, 2006. (D.I. 114.)

It is apparent that Cintra chooses not to assert his rights. Notably, the remaining Plaintiffs do not have standing to bring the claims on his behalf. "The 'core component'" of the

-10-

there any allegations that Cintra faces some obstacle in pursuing his claims.

The Plaintiffs lack standing to pursue the excessive force and failure to protect claim. Therefore, the Court will grant the Motion To Dismiss the excessive force against Mears and the failure to protect claim against Stozenbach for lack of standing.

## 6. Qualified Immunity

Defendants assert that they are protected from civil liability by the doctrine of qualified immunity. Government officials are entitled to qualified immunity as long as they do not "violate clearly established statutory or Constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a Constitutional violation can be established, the relevant question becomes whether reasonable officials in the defendants' positions could have believed their conduct to be lawful. Bounds v. Taylor, 77 Fed. Appx. 99, 105 (3d Cir. 2003).

Courts have been reluctant to grant officials qualified immunity against Fourteenth Amendment equal protection claims. See Gibson v. Superintendent of N.J. Dep't of Law and Pub. Safety - Division of State Police 411 F.3d 427, 441 (3d Cir. 2005) (denying state troopers qualified immunity because "it has long been a well-settled principle that the state may not selectively

-12-

§ 1983 authorizes suits against "persons," and a suit against a state official is "no different than a suit against a state itself." Id. at 71. "The state itself [is not] a person that Congress intended to be subject to liability." Id. at 68. Also, there is no indication that the State of Delaware has waived or abrogated its sovereign immunity with respect to § 1983 claims. Therefore, the Court will grant the Motion To Dismiss and dismiss the official capacity claims seeking monetary damages raised against Defendants.

**B. Motion To Strike**

Defendants argue that Plaintiffs' Memorandum of Points and Authorities In Support Of Their Opposition To Defendants' Motion To Dis[miss]/Summary Judgment, Amended Motion Support [sic] should be stricken as an improper sur-reply to Defendants' Motion To Dismiss. (D.I. 102.) Alternatively, Defendants argue that if the filing is a reply to Defendants' answering brief in opposition to Plaintiffs' Motion To Amend, it should be stricken because it "adds nothing new in support of [Plaintiffs'] claims." (D.I. 102, at 1.)

Construing the pro se filing liberally, the Court concludes that it was intended as a reply in support of Plaintiffs' Motion To Amend. As such, it clarifies contentions made in that Motion

-14-

Defendants argue that Plaintiffs have not stated a cognizable claim for retaliation because they cannot satisfy the three-prong test established by Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001). To allege retaliation, a prisoner must show that (1) "the conduct which led to the alleged retaliation was constitutionally protected"; (2) "he suffered some 'adverse action' at the hands of prison officials," one "sufficient to deter a person of ordinary firmness from exercising his constitutional rights," see also Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000); and (3) a causal link between the conduct and the adverse action. Rauser, 241 F.3d at 333. Defendants claim that Plaintiffs have alleged none of these. Yet, the Motion to Amend clearly alleges that the conduct leading to the retaliation was Plaintiff Wilson's exercise of his constitutionally protected right of access to courts (D.I. 85, at 2), and pleads an adverse action in the form of transfer from the Merit Building to a housing unit with far fewer privileges. While Defendants are correct that such a transfer does not itself amount to a constitutional violation, the Court cannot conclude that a transfer to more restrictive housing would not deter inmates from exercising their right of access to the courts. The Court further concludes that the Motion to Amend sufficiently

-16-

nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The Court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## 2. Facts

Plaintiff Wilson filed a Cross Motion For Summary Judgment (D.I. 103) arguing that since the filing of the Complaint he has been moved to the Delaware Correctional Center ("DCC"). Plaintiff Wilson alleges he lost his tutoring job and cannot earn good-time credits. Plaintiff Wilson claims his transfer to DCC

-18-

### 3. Analysis

Plaintiff Wilson's argues that Defendants do not state the reason for his transfer to DCC. (D.I. 122.) He argues he was moved without due process and in violation of his right to equal protection. Plaintiff Wilson argues there is no reason for his transfer other than for retaliation.

Plaintiff Wilson, as the moving party, has the burden of proving that no genuine issue of material fact exists. He failed to meet his burden. According to Plaintiff Wilson, at issue is the reason for his transfer to DCC. Plaintiff Wilson argues, but provides no facts, that retaliation was the cause for his transfer. Defendants provided to the Court an affidavit averring that the cause for the transfer was Plaintiff Wilson's failure to make a choice to either work in the SCI kitchen or attend the DCC Greentree program. When no choice was made, Plaintiff Wilson was transferred to the DCC Greentree program.

Clearly, there remains a genuine issue of material fact. Summary judgment is inappropriate and the Court will deny Plaintiff Wilson's Motion.

### III. CONCLUSION

Accordingly, the Court will grant Defendants' Motion To Dismiss Plaintiffs' Fourteenth Amendment due process claims against Defendants Hennessy, DeLoy, Kearney, Stozenbach, and

-20-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, et al.,                 :
                                         :
            Plaintiffs,                  :
                                         :
    v.                                   : Civil Action No. 05-399-JJF
                                         :
STANLEY TAYLOR, et al.,                  :
                                         :
            Defendants.                  :

## O R D E R

At Wilmington, this 14 day of December 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1.  Defendants' Motion To Dismiss (D.I. 81) is **GRANTED** with respect to Plaintiffs' Fourteenth Amendment due process claims against Defendants Hennessy, DeLoy, Kearney, Stozenbach, and Hollis, Plaintiff's Eighth Amendment excessive force and failure to protect claims against Defendants Mears and Stozenbach, and all claims for monetary damages against Defendants Taylor and Kearney in their official capacities.

2.  Defendants' Motion To Dismiss (D.I. 81) is **DENIED** with respect to Rule 11 sanctions, and Plaintiffs' Fourteenth Amendment equal protection claims against Defendants Kearney and Taylor in their personal capacities.

3.  Plaintiffs' Motion To Amend (D.I. 85) is **GRANTED IN PART** and **DENIED IN PART** and Plaintiffs are allowed to raise a retaliation claim against Deputy Warden Mike Deloy in his personal capacity.

4.  Defendants' Motion To Strike Plaintiffs' Sur-reply to Defendants' Motion To Dismiss (D.I. 102) is **DENIED**.

5.  Plaintiff Wilson's Motion For Summary Judgment (D.I. 103) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

-2-