## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-399-JJF |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT

COME NOW, the Defendants, Stan Taylor, Rick Kearney, and Michael Deloy, ("Defendants") by and through their undersigned counsel, and hereby answer the Second Amended Complaint of the remaining Plaintiffs[1], James A. Wilson, Anthony Morris, Eldon Potts, Roderick Brown, Frank Williams, Jerome Green, Jose Serpa, James Johnson, and Nathan Henry ("Plaintiffs"), filed November 7, 2005 (D.I. 27) (the "Complaint") and Plaintiff James A. Wilson's Motion to Amend (D.I. 85). Certain claims have been dismissed by the Court. Per Order of the Court (D.I. 125), the remaining claims are the equal protection claims against Defendants Taylor and Kearney in their personal capacities and the retaliation claim against Defendant Deloy in his personal capacity. Defendants answer those portions of the Complaint relevant to the remaining claims. The Complaint is numbered but some of the paragraphs contain multiple averments. Therefore Defendants respond to the Complaint by paragraph as follows:

---

[1] As narrowed by the December 14, 2006 Court Order. It is noted that plaintiff Shaun Lee was dismissed by the December 14, 2006 Court Order (D.I. 124) for failure to comply with the September 13, 2006 Order (D.I. 108). The Court's Memorandum Opinion dated December 14, 2006 (D.I. 125) indicates that Shaun Lee is a remaining plaintiff. Defendants proceed pursuant to the Order (D.I. 124) dismissing Shaun Lee as a plaintiff and the Docket indicating that Shaun Lee has been terminated effective December 14, 2006.

<u>EXAMPLE</u>

The paragraph beginning with "An example of Black", no response is required as the due process and classification claims, as well as claims against Defendants Stolzenbach and Hollis have been dismissed by the Court.  (D.I. 34, 125, 126).

The paragraph beginning with "Inmate Henry Appealed", no response is required as the due process claims have been dismissed by the Court.  (D.I. 125, 126).  To the extent the Court finds there are allegations of denial of equal protection, the allegations are denied.

The paragraph beginning with "Inmate Henry also served", no response is required as the due process claims and claims against Stolzenbach have been dismissed by the Court.  (D.I. 125, 126).

The paragraph beginning with "Another example of Black Inmate", no response is required as the excessive force claim against Defendant Mears and the failure to protect claim against Defendant Stolzenbach were dismissed by the Court for lack of standing. (D.I. 125, 126).

<u>STATEMENT OF CLAIM</u>

1.      No response is required as the due process claims have been dismissed by the Court.  (D.I. 125, 126).

2.      Admitted.

3.      No response is required as claims were dismissed by the Court as frivolous (D.I. 34).  To the extent that an answer is required, the allegations are denied.

4.      No response is required as claims were dismissed by the Court as frivolous (D.I. 34).  To the extent that an answer is required, the allegations are denied.

5.      Denied.

6.      No response is required as claims were dismissed by the Court as frivolous

        (D.I. 34). To the extent that an answer is required, the allegations are denied.

7.      No response is required as claims were dismissed by the Court as frivolous

        (D.I. 34). To the extent that an answer is required, the allegations are denied.

8.       No response is required as claims were dismissed by the Court as frivolous

        (D.I. 34). To the extent that an answer is required, the allegations are denied.

9.       No response is required as claims were dismissed by the Court as frivolous

        (D.I. 34). To the extent that an answer is required, the allegations are denied.

10.     No response is required as claims were dismissed by the Court as frivolous

        (D.I. 34). To the extent that an answer is required, the allegations are denied.

11.     No response is required as claims were dismissed by the Court as frivolous

        (D.I. 34). To the extent that an answer is required, the allegations are denied.

<u>AMENDED</u>

12.     Denied as alleged. The Merit building houses both medium and minimum

        security inmates. The number of inmates housed in the Merit building is not

        static. Admitted that the Merit building contains an eastside and a westside.

13.     Denied.

14.     Denied.

15.     Defendants are without sufficient information to affirm or deny the allegations

        as set forth.

16.     No response is required as the due process claims have been dismissed by the

        Court (D.I. 125, 126).

17.  To the extent that paragraph 17 alleges claims pertaining to classification to higher security levels; no response is required as the Court dismissed such claims as frivolous.  (D.I. 34).  To the extent paragraph 17 contains allegations of denial of equal protection, the allegations are denied.

18.  To the extent that paragraph 17 alleges claims pertaining to classification to higher security levels; no response is required as the Court dismissed such claims as frivolous.  (D.I. 34).  To the extent paragraph 17 contains allegations of denial of equal protection, the allegations are denied.

19.  Denied.

20.  Denied.

21.  The sentence beginning with "Defendants have discriminated" is denied.  The sentence beginning with "Defendants' policies" states a legal argument/conclusion to which no response is required.  To the extent that an answer is required, the allegations are denied.

22.  No response is required as to portions as alleged in paragraphs 1 and 4 as these claims have been dismissed by the Court.  (D.I. 125, 126).  Portion referring to paragraph 5 and 19 are denied.

23.  No response is required as due process claims have been dismissed by the Court.  (D.I. 125, 126).

24.  No response is required as due process claims have been dismissed by the Court.  (D.I. 125, 126).

25.  No response is required as due process claims have been dismissed by the Court.  (D.I. 125, 126).

26.    Denied.

AMENDMENT TO SECOND AMENDED COMPLAINT (D.I 85)

1.    Defendants are without sufficient information to affirm or deny the allegations as set forth.

2.    Defendants are without sufficient information to affirm or deny the allegations as set forth.

3.    Defendants are without sufficient information to affirm or deny the allegations as set forth.

4.    Denied.

5.    Denied as alleged.

6.    Admitted that plaintiff has several civil cases.  Defendants are without sufficient information to confirm or deny the remainder of the allegation.

7.    Denied.

8.    Admitted.

9.    Admitted.

10.    Denied as alleged.  Housing Rules require inmates to keep legal work in a locker box under the bed.

11.    No response is required as due process claims have been dismissed by the Court.  (D.I. 125, 126).

12.    States a legal argument/conclusion to which no response is required.  To the extent that an answer is required, the allegations are denied.

**RELIEF**

It is specifically denied that Plaintiff is entitled to any monetary damages.  It is specifically denied that Plaintiff is entitled to declaratory, injunctive or any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.  Plaintiffs have failed to state a claim upon which relief can be granted.

2.  Plaintiffs have failed to exhaust his administrative remedies.

3.  Defendants are immune from liability under the Eleventh Amendment.

5.  Defendants are entitled to qualified immunity.

6.  As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

7.  As to any claims under state law, Defendants are entitled to sovereign immunity in his official capacity.

8.  Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

9.  To the extent that Plaintiffs seeks to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

10.  Defendants, in their official capacity, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

11.  Insufficiency of service of process.

12.  Insufficiency of process.

13.  Lack of jurisdiction over the person and subject matter.

WHEREFORE, the State Defendants respectfully requests that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to the Defendants.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

_/s/_ Stacey Xarhoulakos
Stacey Xarhoulakos, # 4667
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, De 19801
(302) 577-8400

Dated:  December 27, 2006                    Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2006, I electronically filed *Defendants'*
*Answer to the Complaint* with the Clerk of Court using CM/ECF.  I hereby certify that on
December 27, 2006, I have mailed by United States Postal Service, the document to the
following non-registered participants:  Jerome Green, James A. Wilson, James Johnson,
Frank Williams, Eldon Potts, Nathan Henry, Roderick Brown, Anthony Morris, and Jose
Serpa.

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us

Eldon Potts, Inmate
SBI #  211193
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Frank Williams, Inmate
SBI #  261867
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

James Johnson, Inmate
SBI #  155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Roderick Brown, Inmate
SBI #  315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Nathan Henry, Inmate
SBI #  324881
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jerome Green, Inmate
SBI #  147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jose Serpa, Inmate
SBI #  350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Anthony Morris, Inmate
SBI #  300363
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

James Wilson, Inmate
SBI # 163663
Delaware Correctional Center
1181 Paddock Road
Smyrna,  DE 19977