## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, et al.,      )
                           )
        Plaintiffs,      )
                           )
      v.               )     C.A. No. 05-399-JJF
                           )
STANLEY TAYLOR, et al.,      )
                           )
        Defendants.     )

## DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF JAMES JOHNSON

Demand is hereby made for full and complete Answers to the following Interrogatories under oath within thirty days. These Interrogatories are continuing and require that supplemental responses be filed in accordance with the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

A.   The word "identify" and words derived there from shall have the following meanings:

    1.   As applied to an individual, "identify" means to state:

        a.     The individual's name;

        b.     The individual's last known home and business address and the telephone numbers for each such address;

        c.     The individual's occupation and title, if any, as of the time to which the interrogatory is directed and as of the present time; and

        d.     The role played by the individual in relation to the subject matter of the interrogatory.

    2.   As applied to a document, "identify" means to state:

a.  Its nature (e.g., letter, memorandum, telegram, note, drawing, photograph, etc.);

b.  Its subject matter;

c.  By whom it was made and to whom it was directed;

d.  The date upon which it was made; and

e.  The identity of all individuals or organizations who have possession of the original and any copies.

Note:  Production of each document is acceptable in lieu of stating the information in points (a) through (d) of this definition.

3.  "Complaint" means the complaint filed in the above-captioned action as subsequently supplemented or amended.

4.  "Describe" means to set forth fully the underlying facts (rather than ultimate facts or conclusions of fact or law), including date, time and location.

5.  "Person" shall mean any natural person, any corporation, partnership, association, joint venture, firm or other business enterprise or legal entity, and means both singular and plural.

6.  "DOC" shall mean the Department of Correction in this action and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

7.  "Plaintiff," "you," or "your" shall mean plaintiff James Johnson.

B.  If you object to any of the interrogatories herein, whether in whole or in part, on the ground that the information sought therein is privileged or confidential:

1.    Describe any such communication sought to be protected, including its subject matter; and

2.    Identify the individual by whom it was made, the individual to whom it was directed, and all individuals present when it was made; and

3.    Identify any document in which it was recorded, described or summarized; and

4.    Identify any such document sought to be protected.

## INTERROGATORIES[1]

1)    With respect to the equal protection claims in your Complaint, describe in detail how you claim Defendant Taylor racially discriminated against you:

(a)    Identify all facts that refute, relate to, or support your contention;

(b)    Identify the specific behavior or conduct that you allege that each Defendant engaged in;

(c)    Identify all persons with knowledge of such contention or facts;

(d)    Identify all documents that reflect, refer to or relate to such contention or facts.

RESPONSE:

2)    With respect to the equal protection claims in your Complaint, describe in detail how you claim Defendant Kearney racially discriminated against you:

(a)    Identify all facts that refute, relate to, or support your contention;

---

[1] Please submit additional pages, if necessary.

(b)      Identify the specific behavior or conduct that you allege that each Defendant engaged in;

(c)      Identify all persons with knowledge of such contention or facts;

(d)      Identify all documents that reflect, refer to or relate to such contention or facts.

RESPONSE:

3)      Identify (a) every communication you have had with anyone, other than your attorney, concerning this litigation including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

RESPONSE:

4)      Identify all documents which you intend to offer into evidence at the trial of this matter.

RESPONSE:

5)      Identify all persons having knowledge of the allegations in the complaint or answer whom you intend to call as witnesses at trial, excluding expert witnesses.

RESPONSE:

6)      Identify any physical evidence which relates in any way to any of the facts alleged in the complaint or answer, or which you intend to offer in evidence at trial.

RESPONSE:

7)      Identify each expert you expect to call to testify as a witness at trial and state for each such expert (a) the qualifications of the expert; (b) the subject matter on which the expert is expected to testify; (c) the substance of the facts and opinions to which the expert is expected to testify; and (d) the summary of the grounds for such opinion.

RESPONSE:

8)      State the following about yourself:

        a.      Full name, and any other names you have gone by or used,

5

   b.  Social Security Number

   c.  Date of birth, and any other date of birth you may have used or given,

   d.  Place of birth

   e.  Highest level of formal education that you successfully completed.

RESPONSE:

   9)  Identify all of your criminal convictions in the past 15 years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

RESPONSE:

   10)  Identify all employment you have had in the past 15 years, including employment you have had while incarcerated, and state for each position (a) the name and address of each employer; (b) name of supervisor; (c) dates of employment; (d) rate of pay; (e) job title and responsibilities; and (f) reason for termination.

RESPONSE:

6

11)      Identify all programs you have completed during your periods of incarceration over the last fifteen years, and state for each program (a) the name of the program; (b) the purpose of the program; (c) the time period during which you participated in the program; and (d) whether you successfully completed the program.

RESPONSE:

12)      Identify all physicians you have seen or been treated by in the past 10 years, including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

RESPONSE:

13)      Identify and describe all accidents, injuries and ailments you have had in the past 15 years, including the history of any mental illness.

RESPONSE:

14)      Identify in detail the precise injury or harm you allege was sustained as a result of the allegations in the Complaint.

RESPONSE:

15)    Describe any medical treatment you received as a result of the allegations in the Complaint, specifically addressing:

a.    whether you requested any medical treatment at any DOC facility which you believe in any way resulted from the allegations in your complaint; and

b.    the date and method used for any request listed in subparagraph a. of this interrogatory.

RESPONSE:

16)    State whether you filed a complaint or grievance at the correctional institution or with the Department of Correction about the subject matter of each and every claim in your Complaint.  If so, when were they filed, with who were they filed, and what was the response?  If none were filed, explain why.

RESPONSE:

17)    State whether you have ever received any diagnostic testing in relation to any

diagnosed medical condition, including but not limited to any mental, emotional, psychiatric, or psychological condition.  If your answer is yes, please state the requesting medical doctor, the type of testing, as well as the date and location of said testing.

RESPONSE:

18)     State the total amount of compensatory damages you are claiming and the computation used to arrive at the sum.

RESPONSE:

19)     Have you, or anyone acting on your behalf, obtained from any person any statement, declaration, petition, or affidavit concerning this action or its subject matter? If so, state:

        a.     The name and last known address of each such person; and

        b.     When, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded.

RESPONSE:

20)     Identify all persons who provided information for all or any part of your answers to these Interrogatory Requests and the Request for Production filed contemporaneously herewith and, for each person named, identify the request as to which each such person provided information.

RESPONSE:

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ Stacey Xarhoulakos
Stacey Xarhoulakos (I.D. 4667)
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us
Attorney for Defendants

Dated: March 9, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2007, I electronically filed *Defendants' First Set of Interrogatories Directed to Plaintiff James Johnson* with the Clerk of Court using CM/ECF.  I hereby certify that on March 9, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

James Johnson
SBI #155123
SCI
PO Box 500
Georgetown, DE 19947

/s/ Stacey Xarhoulakos
Stacey Xarhoulakos (I.D. 4667)
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us