IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 05-399-JJF |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR APPOINTMENT OF COUNSEL**

COME NOW, Defendants Taylor, Kearney, and Deloy ("Defendants"), though the undersigned counsel and hereby oppose Plaintiff James Wilson's ("Plaintiff" or "Plaintiff Wilson") Motion for the Appointment of Counsel. (D.I. 158) In support of their position, Defendants state the following:

1.  On or about June 15, 2005, numerous inmate Plaintiffs commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment due process and equal protection violations. (D.I. 2). On or about July 18, 2005, Plaintiffs filed an Amended Complaint. (D.I. 7). On October 11, 2005, by Memorandum Order, Plaintiffs' Amended Complaint was dismissed without prejudice as frivolous pursuant to 28 *U.S.C.*§ 1915A. Plaintiffs were given leave to file a Second Amended Complaint within twenty days of the date of the Memorandum Order. (D.I. 23). On or about October 24, 2005, Plaintiffs filed a Second Amended Complaint adding numerous defendants to the action. (D.I. 27).

2.  On December 12, 2005, the Court issued an Order allowing the claims against Taylor, Kearney, Hollis, Mears, Hennessy, Deloy, and Stolzenbach to proceed to service. (D.I. 35).

3.   On December 14, 2006, following the filing of Cross-Motions for Summary Judgment and a Motion to Amend by Plaintiff James Wilson, the Court issued an Order narrowing the case. (D.I. 124). The Court's ruling dismissed numerous plaintiffs without prejudice for failure to respond to a Show Cause Order; dismissed Plaintiffs' Fourteenth Amendment due process, excessive force, and failure to protect claims; permitted Plaintiff Wilson to add a retaliation claim against Defendant Deloy; and allowed Plaintiffs' Fourteenth Amendment equal protection claim against Defendants Kearney and Taylor in their personal capacities to proceed. (D.I. 125).

4.   On or about June 15, 2005, with the filing of the original Complaint, Plaintiff Wilson filed a Motion for Appointment of Counsel. (D.I. 2). By Order dated August 11, 2005, the Court denied this motion finding that the nature of the allegations was not complex and that the various filings submitted by Plaintiff Wilson reflected his ability to "coherently present his arguments". (D.I. 14).

5.   On or about March 14, 2007, Plaintiff filed a Second Motion for Appointment of Counsel. (D.I. 158). Plaintiff argues he cannot afford counsel, the issues are complex, he has limited access to the law library, he is separated from other plaintiffs and the case requires discovery and depositions.

6.   The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left within the court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability

without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

7. In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.*

8. Plaintiff has filed his second motion for appointment of counsel under substantially better circumstances than those that led to the denial of his previous request for appointment of counsel. (D.I. 14). In light of the *Tabron* factors and the current status of the case, Plaintiff does not require the appointment of counsel at this time.

9. Plaintiff Wilson has clearly shown his ability to present his case. Plaintiff Wilson has been extremely active throughout the litigation, filing motions, letter requests, responsive briefs, and discovery requests. Indeed, most of the remaining eight plaintiffs have done little to nothing on the case, while Plaintiff Wilson completes almost all of the filings.

10. Contrary to Plaintiff Wilson's assertions, this is not a complex case. The Court held that the allegations were not complex in its first denial of Plaintiff Wilson's Motion for Appointment of Counsel. (D.I. 14). The case has been significantly narrowed since that decision, leaving only a few of the original multitude of allegations, plaintiffs, and defendants.

(D.I. 124).

11.     Extensive discovery is not required.  Plaintiff Wilson has first hand knowledge of many of the facts involved.  Plaintiff Wilson has already received significant discovery responses from Defendants in the form of Interrogatory Responses and over 400 pages of document production.  Discovery then should not be much more extensive than what Plaintiff has already received.

12.     The claims against the defendants do not rest solely on credibility nor are the determinations of credibility likely to be dispositive.  Rather the focus of this case is on matters of law – that is whether the Plaintiffs' Fourteenth Amendment rights have been violated.

13.     Plaintiff does not need expert testimony to prove his case.  The issues here center on alleged constitutional violations and expert testimony is likely not necessary.

14.     Plaintiff Wilson argues that his lack of knowledge with regard to civil law should be considered.  Plaintiff's alleged lack of knowledge is not sufficient to require the appointment of counsel.  Indeed, if it was, every *pro se* litigant proceeding *in forma pauperis* would be entitled to the appointment of counsel.  Plaintiff Wilson Further argues that he has limited access to the law library, but he has presented no evidence to support this and his active participation in the litigation reflects otherwise.

15.     Considering the *Tabron* factor discussed above, Plaintiff Wilson does not require the appointment of counsel at this time.  The motions he has filed show his ability to articulate and put forth the facts as he perceives them.

16.     In addition, appointing counsel at this stage in the litigation would only serve to stay discovery and delay resolution of this case.  The parties are in the midst of a discovery

schedule and entirely stalling the litigation at this stage in the proceedings to appoint counsel is a needless waste of time and resources.

WHEREFORE, Defendants respectfully requests that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**

        /s/ Stacey Xarhoulakos_____
        Stacey Xarhoulakos, 4667
        Deputy Attorney General
        820 North French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
        stacey.xarhoulakos@state.de.us
        Attorney for Defendants

Dated: March 26, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  C.A. No. 05-399-JJF |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon the Plaintiff James Wilson's Motion for Appointment of Counsel (the "Motion") and Defendants Taylor, Kearney, and Deloy's Response in Opposition to the Motion; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2007, I electronically filed *Defendants' Response in Opposition to Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF.  I hereby certify that on March 26, 2007, I have mailed by United States Postal Service, the document to the non-registered participants on the attached list.

/s/ Stacey Xarhoulakos____
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us

*List of Non-Registered Parties*

Eldon Potts, Inmate
SBI #  211193
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Frank Williams, Inmate
SBI #  261867
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

James Johnson, Inmate
SBI #  155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Roderick Brown, Inmate
SBI #  315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Nathan Henry, Inmate
SBI #  324881
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jerome Green, Inmate
SBI #  147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jose Serpa, Inmate
SBI #  350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Anthony Morris, Inmate
SBI#300363
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

James Wilson, Inmate
SBI#163663
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977