IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, ET AL.,            :
                                    :
        Plaintiff,                  :
                                    :
    v.                              : Civil Action No. 05-399-JJF
                                    :
STANLEY TAYLOR, ET AL.,             :
                                    :
        Defendants.                 :

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Second Motion For
The Appointment Of Counsel (D.I. 158).  For the reasons
discussed, the Motion will be denied.

**I.    BACKGROUND**

Pro se Plaintiffs James A. Wilson and eight others are
currently incarcerated inmates.[1]  Plaintiff Wilson is currently
incarcerated at the Delaware Correctional Center in Smyrna,
Delaware.  The additional Plaintiffs are incarcerated at the
Sussex Correctional Institute in Georgetown, Delaware.  On
December 14, 2006, the Court resolved various motions by
Memorandum Opinion and Order leaving two remaining claims against
three Defendants.  The remaining claims are: 1) an equal
protection claim pursuant to the Fourteenth Amendment of the U.S.
Constitution against Defendants Stanley Taylor and Rick Kearney
in their personal capacities; and 2) a retaliation claim against
Defendant Mike Deloy.

---

[1] The remaining Plaintiffs in addition to James A. Wilson
are: Anthony Morris, Eldon Potts, Roderick Brown, Frank Williams,
Jerome Green, Jose Serpa, James Johnson, and Nathan Henry.

Contemporaneous with the filing of the original action on June 15, 2005, Plaintiff Wilson filed the first Motion To Appoint Counsel (D.I. 2).  On August 11, 2005, the Court denied the Motion finding that the allegations were not so complex as to warrant representation and Plaintiff Wilson had demonstrated an ability to present his arguments (D.I. 14).  The same Order also denied Plaintiff Wilson's Motion For Class Certification.

By the instant Motion, Plaintiffs contend that counsel should be appointed to represent all Plaintiffs because they are unable to afford counsel, the issues in the case are complex, Plaintiffs have limited access to the prison law library and limited knowledge of the law, and Plaintiff Wilson is incarcerated in a different facility from the other Plaintiffs.[2] In response, Defendants contend that Plaintiff Wilson has demonstrated the ability to participate in the litigation process, the case is not complex, and the discovery process need not be extensive.  Defendants further contend that appointment of counsel would unnecessarily delay resolution of the case.

## II.  DISCUSSION

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel.  <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997).  Nonetheless, district

---

[2] Although Plaintiff Wilson is the only Plaintiff who signed the Motion, the Motion states that "Plaintiff James A. Wilson, et al. requests. . . ."  Thus, the Court liberally construes the Motion as a request for appointment of counsel by all remaining Plaintiffs.

courts have statutory authority to appoint counsel for indigent civil litigants at any time during the litigation.  28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"); Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002).

Section 1915 affords district courts broad discretion in determining whether appointment of counsel in a civil case is appropriate.  Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). In Tabron, the United States Court of Appeals for the Third Circuit developed a list of criteria to aid district courts in weighing whether to request an attorney to represent an indigent civil litigant.  As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law.  Tabron, 6 F.3d at 155.  If a claimant overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors:

    1. the plaintiff's ability to present his or her own case;
    2. the difficulty of the particular legal issues;
    3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
    4. the plaintiff's capacity to retain counsel on his or her own behalf;
    5. the extent to which a case is likely to turn on credibility determinations; and
    6. whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57.

When considering a request for counsel, courts must keep in mind

3

> [the] significant practical restraints on the district
> courts' ability to appoint counsel, including the
> ever-growing number of prisoner civil rights actions
> filed each year in the federal courts; the lack of
> funding to pay appointed counsel; and the limited
> supply of competent lawyers who are willing to
> undertake such representation without compensation.

Montgomery, 294 F.3d at 505 (quoting Tabron, 6 F.3d at 156)

(internal quotation marks and citations omitted).

Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court under Section 1915(e)(1), the Court concludes that the appointment of counsel is not warranted at this time. Arguably, Plaintiffs have a claim for relief. However, Plaintiff Wilson has demonstrated an ability to present a case by making several filings despite his separate location from the other Plaintiffs. Additionally, while lacking legal training, Plaintiff Wilson has demonstrated some knowledge of the legal system and the ability to present his claims. Further, the instant action is less complex than the original-filed action because the remaining claims involve only three Defendants and fewer Plaintiffs. Accordingly, the Court will deny Plaintiffs' Motion for Appointment of Counsel.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' second Motion For The Appointment Of Counsel (D.I. 158) is **DENIED**.

May 23, 2007

_____
UNITED STATES DISTRICT JUDGE