IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-399-JJF |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO TAKE DEPOSITIONS**

COME NOW, Defendants Taylor, Kearney, and Deloy ("Defendants"), though the undersigned counsel and hereby oppose Plaintiff James Wilson's ("Plaintiff") Motion to Take Deposition of C/O Alesia (sic) Hopkins, Corp. Veronica Watson, Lt. Darryl Fisher, Counselor Donna Furhman, and Inmate George Jackson a.k.a. Shahid (D.I. 176) In support of their position, Defendants state the following:

1. Plaintiff filed his motion to take depositions on June 22, 2007. None of the proposed deponents are parties to the case. The Court issued a scheduling order in this matter on February 27, 2007. The scheduling order set the fact discovery deadline for June 30, 2007. The dispositive motion deadline is July 20, 2007.

2. Federal Rule of Civil Procedure 30(a)(1) allows for the deposition of persons by oral examination and provides that attendance of witnesses may be compelled by subpoena. Rule 30(a)(2) requires a party to obtain leave of court to depose an individual under certain circumstances. One such circumstance is when the person to be examined is an incarcerated individual.

3. Rule 45 of the Federal Rules of Civil Procedure allows for the issuance of

subpoenas to compel a witnesses attendance at a deposition.  The proper method for Plaintiff to depose non-parties who are not incarcerated is by the issuance of subpoenas along with the payment of the associated filing fees and witness fees, and not by motion to the Court.  Plaintiff's motion does not comport with the Federal Rules of Civil Procedure and his motion should be denied.

6.     Defendants are specifically in further opposition of Plaintiff's request to depose an incarcerated individual, George Jackson.  Plaintiff is incarcerated at the Delaware Correctional Center in Smyrna, Delaware and George Jackson is incarcerated at the Sussex Correctional Institute in Georgetown, Delaware.  A significant security risk and burden on prison officials is created by requiring the transport of an inmate from one prison to another prison to be deposed by anther prisoner.  Further, there are alternate means of discovery that Plaintiff could have requested leave of the Court to pursue that would not implicate such excessive risk and burden.

4.     Plaintiff's Motion is untimely.  Even assuming *arguendo* that Plaintiff's motion was in compliance with the Federal Rules of Civil Procedure, the filing of the motion does not conform to the scheduling order deadlines set by the Court.  Plaintiff's motion was filed with only one week until the fact discovery deadline and with insufficient time for Defendants to even respond before the expiration of the fact discovery deadline on June 30, 2007.  Discovery in this matter is completed and the motion should be denied.

WHEREFORE, Defendants respectfully requests that this Honorable Court deny Plaintiff's Motion To take Depositions.

      STATE OF DELAWARE
      DEPARTMENT OF JUSTICE

                    /s/ Stacey Xarhoulakos
                    Stacey Xarhoulakos, 4667
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us
Attorney for Defendants

Dated: July 2, 2007

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 05-399-JJF |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon the Plaintiff James Wilson's Motion to Take Deposition of C/O Alesia (sic) Hopkins, Corp. Veronica Watson, Lt. Darryl Fisher, Counselor Donna Furhman, and Inmate George Jackson a.k..a. Shahid (the "Motion") and Defendants Taylor, Kearney, and Deloys' Response in Opposition to the Motion; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Take Depositions is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2007 I electronically filed *Defendants' Response in Opposition to Motion to Take Depositions* with the Clerk of Court using CM/ECF. I hereby certify that on July 2, 2007, I have mailed by United States Postal Service, the document to the non-registered participants on the attached list.

/s/ Stacey Xarhoulakos____
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us

*<u>List of Non-Registered Parties</u>*

Eldon Potts, Inmate
SBI #  211193
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Frank Williams, Inmate
SBI #  261867
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

James Johnson, Inmate
SBI #  155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Roderick Brown, Inmate
SBI #  315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Nathan Henry, Inmate
SBI #  324881
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jerome Green, Inmate
SBI #  147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jose Serpa, Inmate
SBI #  350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Anthony Morris, Inmate
SBI#300363
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

James Wilson, Inmate
SBI#163663
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977