# EXHIBIT Q
# (con't 3)



Slip Copy                                                                                                                     Page 1

Slip Copy, 2007 WL 88084 (M.D.Pa.)
**(Cite as: Slip Copy)**

C
Spencer v. Kelchner
M.D.Pa.,2007.
Only the Westlaw citation is currently available.
United States District Court,M.D. Pennsylvania.
Ravanna SPENCER, Plaintiff
v.
Donald KELCHNER, et al., Defendants.
No. 3:06-CV-1099.

Jan. 9, 2007.

Ravanna Spencer, Camp Hill, PA, pro se.

***MEMORANDUM AND ORDER***
EDWIN M. KOSIK, United States District Judge.
\*1 AND NOW, THIS 9th DAY OF JANUARY, 2007, IT APPEARING TO THE COURT THAT:

1. Plaintiff, Ravanna Spencer, an inmate confined at the State Correctional Institution at Camp Hill, commenced the instant civil rights action pursuant to 42 U.S.C. § 1983 on May 31, 2006. An amended complaint was filed on August 21, 2006;

2. The matter was assigned to Magistrate Judge Thomas M. Blewitt;

3. On September 7, 2006, the Magistrate Judge filed a thirty-one (31) page Report and Recommendation, wherein he recommended that:
Based on the foregoing, it is respectfully recommended that Plaintiff's action as against Defendants Kelchner, Beard and Law be dismissed. Specifically, we find that Defendants Kelchner and Beard lack sufficient personal involvement in this case. We find that Defendant Law, by denyi n g Plaintiff's grievance, is not sufficiently involved in the case. We also find no conspiracylaim is stated as to Defendant Law. We find that Plaintiffs Fifth Amendment Due Process claim with respect to his placement in the SMU should be dismissed, and that his Fourteenth Amendment Equal Protection claim as against all Defendants should be dismissed. Further, we find that Plaintiff's claims as against the Defendants in their official capacities should be dismissed to the extent that he seeks money damages. We find that Defendants Southers and Whaling should be dismissed. We find that Plaintiff has stated a First Amendment retaliation claim against Defendant Newton, and that he has stated Eighth Amendment claims against Defendants Newton, Kalsky and Kahn. Finally, it is recommended that this case be remanded to the undersigned for further proceedings.

5. While plaintiff requested an extension of time in which to file objections to the Report and Recommendation, which was granted by the court, no objections were filed to the Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

6. If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a Magistrate Judge's report prior to adopting it. *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir.1987);

7. We have reviewed the Magistrate Judge's Report and we find the factual and legal analysis to be thorough and accurate. Therefore, we will adopt his recommendations in their entirety.[FN1]

> FN1. We note that subsequent to the filing of the Report and Recommendation several additional filings have been made by the plaintiff. We refer these subsequent filings to the Magistrate Judge for disposition.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                              Page 2
Slip Copy, 2007 WL 88084 (M.D.Pa.)
**(Cite as: Slip Copy)**

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated September 7, 2006 (Document 22) is adopted in its entirety; and

2. The above-captioned action is remanded to the Magistrate Judge for further proceedings.

### *REPORT AND RECOMMENDATION*
THOMAS M. BLEWITT, United States Magistrate Judge.
Plaintiff, Ravanna Spencer, an inmate at the State Correctional Institution at Camp Hill, Pennsylvania, originally filed this § 1983 civil rights action, *pro se*, on May 31, 2006. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 8). Plaintiff simultaneously filed a Motion to Appoint Counsel, which the Court denied on June 22, 2006. (Docs. 2 & 11). Plaintiff's original 15-page Complaint named twenty-two (22) Defendants employed in various capacities by the Pennsylvania Department of Corrections. On June 16, 2006, Plaintiff filed a Motion to Amend his Complaint in order to add new defendants and add new claims not contained in his original lengthy Complaint. (Doc. 7).

*2 Upon our initial review of Plaintiff's original Complaint under the Prison Litigation Reform Act of 1995 (the "PLRA"), we found that it contained many unrelated claims against numerous Defendants, in violation of Fed.R.Civ.P. 20(a). We found that Plaintiff's original Complaint did not appear to properly state the personal involvement of each and every named Defendant with the numerous unrelated claims. Nor did we find Plaintiff's original Complaint to be in compliance with Fed.R.Civ.P. 8. We found Plaintiff's original pleading to be completely unmanageable, and it was impossible for Defendants to intelligently respond to it.

Plaintiff claimed, in part, that he received improper medical treatment for his mental health problems (Eight Amendment); that he was improperly placed in the Special Management Unit ("SMU"); that he was deprived of meals; that he was threatened by Corrections Officers ("CO's") and made fun of (Eighth Amendment); that he was denied due process with respect to his grievances (Fifth Amendment); that he was deprived of yard time and showers without due process since his bed was not made; that he was retaliated against for filing grievances (First Amendment); that excessive force was used on him in transporting him to his cell (Eighth Amendment); that he was cut when restraints were put on him; and that he was deprived of his personal property while in a strip cell wearing a suicide smock. Plaintiff's numerous unrelated claims spanned from March 2006 through May 2006. (Doc. 1).

Thus, on June 22, 2006, we directed Plaintiff to file an Amended Complaint in conformity with Rules 8 and 20(a) of the Federal Rules of Civil Procedure. (Doc. 12). We also gave Plaintiff direction as to how to file his amended complaint and specifically directed that Plaintiff's amended complaint should be limited with respect to only defendants and claims that arise out of the same transaction or occurrence or series of transactions or occurrences, and that have questions of law or fact common to all Defendants and claims. We further directed Plaintiff to file separate actions as to any Defendants and claims that do not share common legal and factual questions and that do not arise out of the same transactions or occurrences.

In violation of the Court's June 22, 2006 Order, Plaintiff filed another Motion for Leave to File an Amended Complaint on July 25, 2006. (Doc. 16). Plaintiff's proposed amended complaint named 29 Defendants and, like his original pleading, contained 70 paragraphs of mostly unrelated claims against numerous Defendants spanning a time period from January 2006 to the present. In fact, Plaintiff's proposed amended pleading, instead of narrowing his claims and Defendants to those that were related and arose out of the same transactions or occurrences, added new claims and new Defendants, and covered a longer period of time than his original pleading did. Plaintiff's proposed amended complaint also contained many of the same claims and Defendants as his original Complaint, and it added new claims and new Defendants. As we stated in our prior Order, it

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                         Page 3

Slip Copy, 2007 WL 88084 (M.D.Pa.)
(Cite as: Slip Copy)

simply would not be possible for the 29 Defendants to respond to the myriad of claims against them in the proposed amended complaint, which do not arise out of the same transactions or occurrences. Therefore, we denied Plaintiff's Motion to file an Amended Complaint (Doc. 16), and we directed Plaintiff to file a proper amended compliant in conformance with Rule 8 and Rule 20(a). (Doc. 17).

*3 Plaintiff filed a second Motion for Leave to File an Amended Complaint on August 21, 2006. (**Doc.18**). Plaintiff also filed a Memorandum of Law. (Doc. 19). Attached to Plaintiff's Memorandum are exhibits related to grievances Plaintiff filed with the prison. Plaintiff's Motion for Leave to Amend is essentially his amended complaint. We shall grant Plaintiff's Motion for Leave to File an Amended Complaint by separate Order, and direct that the Motion be docketed as his amended complaint. (Doc. 18).[FN1] We shall also direct the Clerk of Court to change the caption to *Plaintiff v. Donald Kelchner,* since Sgt. Maxwell is not named in the Plaintiff's amended complaint. We shall also direct the Clerk of Court to remove the names of all Defendants that were named in Plaintiff's original Complaint (Doc. 1), but who were not named in Plaintiff's Amended Complaint. (Doc. 18).

> FN1. We note that attached to the Motion for Leave to File an Amended Complaint is an Order to Show Cause for an Injunction and /or a TRO. (Doc. 18). Plaintiff also attached to his Motion an explanation of his supporting exhibits that are attached to his Memorandum. If Plaintiff wishes to file an injunction motion with this Court, he must file it in conformity with Local Rule 7.1, M.D. Pa., along with a supporting brief under Rule 7.5

We now screen Plaintiff's amended pleading under the PLRA.

## II. Allegations of Amended Complaint.

In the present case, Plaintiff alleges that on January 11, 2006, he was transferred from another prison to SCI-Camp Hill. Plaintiff states that Defendants Jeffery Beard, Secretary of Pennsylvania Department of Corrections ("DOC"); Donald Kelchner, Superintendent at SCI-Camp Hill; Counselor Whaling; Richard Southers, Unit Manager; Andrew Newton, Psychiatrist; Muhammed Khan, Psychiatrist; and Edward Kalsky, psychologist, were aware that he was supposed to go to a Special Need Unit ("SNU") at the prison.[FN2] However, Plaintiff indicates that he was placed in the SMU (Special Management Unit) instead of the SNU. (Doc. 18, ¶ 13.). Plaintiff states that "on January 13, 2006 I mistakenly signed a "SNU" Special Needs Unit treatment plan when this is not a "SNU" but rather a(SMU) Special Management Unit which is a control unit and is not suitable for a mentally disabled person such as myself...." Plaintiff states that on January 13, 2006, he filed a grievance and that he was denied "his remedy to exhaust." (*Id.*). Thus, Plaintiff indicates that he has not exhausted his administrative remedies, seemingly based on futility. (*Id.,* ¶ 's 13., 21.).[FN3]

> FN2. All of the Defendants except for Beard are employed at SCICamp Hill.

> FN3. It is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. *Id.* at 230. In *Porter v. Nussle,* 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir.2002).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 4
Slip Copy, 2007 WL 88084 (M.D.Pa.)
(Cite as: Slip Copy)

Plaintiff avers that a few days afer his grievance, Defendant Dr. Newton took him off of his medication as retaliation for his grievance, and that because he was not weaned off of his medication he suffered "excessive bowel movement I couldn't sleep my body was hurting," and that he suffered other physical and mental pain. (*Id.*, ¶ 14.). Plaintiff states that he then filed another grievance against Defendant Newton. We find that Plaintiff has stated a First Amendment retaliation claim against Defendant Newton for allegedly improperly taking him off of his medication due to his grievance.

Plaintiff states that Defendant Dr. Khan saw him for his monthly review on March 8, 2006, and alleges that Dr. Kahn put his mental health history on the " tier." Plaintiff seemingly claims that Dr. Kahn made his mental health history known to the other inmates on Plaintiff's cell block. Plaintiff states that he pleaded with Dr. Kahn to stop and states that the doctor could have taken him into a room for privacy, but the doctor did not. As a result, Plaintiff states that "everybody on the block humiliated me even the guards which eventually led up to me trying to commit suicide...." Plaintiff states that this conduct by Dr. Kahn also caused him to feel emotional pain and humiliated, embarrassed and depressed. Plaintiff filed a grievance on March 22, 2006 against Dr. Kahn, and states that after he tired to commit suicide, "they took all of my property they took the grievance and I never got it back...." ( *Id.*, ¶ 15.).

*4 Plaintiff avers that Defendant Dr. Newton again took him off of his medication and states that he tired to file another grievance. Plaintiff states that it was rejected since he was told that he already had filed one on that issue. Plaintiff states that they took his grievance "because as a result of Doctor Newton neglect I tried to commit suicide again." (*Id.*, ¶ 16.).

Plaintiff claims that in April 2006, Dr. Newton and Defendant Psychologist Kalsky came to his door and similar to Dr. Kahn's conduct, they "put my mental health history out there so the whole pod could hear and the same process happened people began to humiliate me again...." Plaintiff states that he filed another grievance over this incident. (*Id.*, ¶ 17.).

Plaintiff states that Defendant Teresa M. Law, medical grievance coordinator at SCI-Camp Hill, denied his mental health grievance "saying that I don't have any mental health issues after she already had her signature on a response that said I was diagnose with a anti-social personality disorder." Plaintiff concludes that Defendant Law "was in concert with the mental health department in denying me mental health treatment." (*Id.*, ¶ 18.).

Plaintiff claims that Defendant Kelchner denied his grievance and said he did not have a mental health issue. (*Id.*, ¶ 19.).

As to Defendant Beard, Plaintiff only states that he violated his Constitutional rights because he knew of the treatment Plaintiff was receiving and he refused to stop his officers. (*Id.*, ¶ 22.). Plaintiff states that he made Defendant Kelchner and Beard aware of his situation when they came to the SMU on May 22, 2006. (*Id.*, ¶ 23.).

Plaintiff sues all of the Defendants in their individual and official capacities. (*Id.*, ¶ 11.). As relief, Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (*Id.*, ¶ 's 35.-41.).

Plaintiff cannot recover monetary damages against Defendants in their official capacities.[FN4] Also, to the extent that Plaintiff seeks compensatory and punitive damages, each in the sum of "$1,000,000 to $3,000,000," such amounts should be stricken. [FN5]

> FN4. Insofar as Plaintiff's attempt to sue the Defendants in their official capacities seeking monetary damages, he cannot do so. The Amended Complaint, to the extent it is against all of the Defendants in their official capacities (Doc. 18, p. 3, ¶ 11.), and to the extent that it seeks monetary damages, should be dismissed on the grounds that such an action is barred by the Eleventh Amendment. The Eleventh

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 5
Slip Copy, 2007 WL 88084 (M.D.Pa.)
**(Cite as: Slip Copy)**

Amendment applies to claims asserted in federal court under 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 342 (1979). It prohibits suits brought in federal court against a state or where the state or its agency is the real party in interest, and in which the relief sought has an impact directly on the state itself. *Pennhurst State Schools and Hospital v. Halderman,* 465 U.S. 89 (1984); *Allegheny County Sanitary Authority v. United States Environmental Protection Agency,* 732 F.2d 1167 (3d Cir.1984). Based on the above, the Plaintiff's Amended Complaint against the Pennsylvania Department of Corrections Defendants, to the extent it names them in their official capacities, seeking monetary relief is barred by the Eleventh Amendment and, thus, this claim is subject to dismissal.

As stated, to the extent that the Plaintiffs seek monetary damages, the Defendants are immune under the Eleventh Amendment in their official capacities. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1991); *Howlett v. Rose,* 496 U.S. 356, 365 (1990). We believe that payment of any money judgment rendered against the Defendants, who are indisputably employees working for a prison within the Pennsylvania DOC (Doc. 18, pp. 2-3), would have to be paid out of the Pennsylvania State Treasury. Further, the Pennsylvania DOC, which employs the Defendants, receives its funding from the state and does not enjoy any measure of autonomy. *See Bolden v. Southeastern Pennsylvania Transp. Auth.,* 953 F.2d 807, 818 (3d Cir.1991).

FN5. Plaintiff's request for a specific amount of monetary damages should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages of $1 million to $3 million should be stricken from his Amended Complaint. *See Stuckey v. Ross,* Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure.

We find that Defendants Beard, Kelchner and Law should be dismissed and that Plaintiff's Fourteenth Amendment Equal Protection claim should be dismissed. We find that Defendants Southers and Whaling should be dismissed. We find that Plaintiff's claim that his due process rights were violated since he was placed in the SMU without a hearing should be dismissed. We find that Plaintiff has stated a First Amendment retaliation claim against Defendant Newton, as well as Eighth Amendment claims against Defendants Newton, Kalsky and Kahn.

With respect to the two (2) named supervisory Defendants in the Amended Complaint, *i.e.,* Superintendent Kelchner and DOC Secretary Beard, we find that Plaintiff does not sufficiently allege their personal involvement and that their alleged conduct does not amount to a constitutional violation. Plaintiff merely alleges that these supervisory Defendants refused to address his complaints that he was not getting the proper treatment, and that Kelchner denied his grievance and said that Plaintiff did not have a mental health issue. (*Id.,* ¶ 's 19. & 22.-23.). Plaintiff avers that the supervisory Defendants were aware of his improper treatment, and by failing to take corrective action they violated his due process and equal protection rights. (*Id.*). We find that the stated two supervisory Defendants should be dismissed since their personal involvement is lacking in the retaliation Plaintiff alleges Defendant Newton took in taking him off of his medication. Nor does Plaintiff allege that either of the supervisory Defendants participated in any decision to place him in the SMU, or to reveal his mental health issues to other inmates in his pod. Plaintiff does not allege that these two Defendants personally deprived him medical care or that they caused him to suffer any emotional or physical problems. Further, during all relevant times, Plaintiff was being treated by the prison psychiatric medical staff, and the two supervisory Defendants, who are non-physicians, cannot be held liable for the doctors' findings that Plaintiff did not have a mental health problem requiring medication.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 6
Slip Copy, 2007 WL 88084 (M.D.Pa.)
**(Cite as: Slip Copy)**

### III. PLRA.

***5** As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 8). The Prison Litigation Reform Act of 1995,[FN6] (the "Act"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[FN7] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> FN6. Pub.L. No. 104-134, 110 Stat. 1321 (April 26, 1996).
>
> FN7. The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account.

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. § 1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain his action as against Defendants Kelchner and Beard. Specifically, we find that Defendants Kelchner and Beard lack sufficient personal involvement in this case. We find that Defendant Law by denying Plaintiff's grievance is not sufficiently involved in this case. We also find no conspiracy claim is stated as to Defendant Law. We find that Plaintiff's Fifth Amendment Due Process claim with respect to his placement in the SMU should be dismissed, and that his Fourteenth Amendment Equal Protection claim should be dismissed. Further, we find that Plaintiff's claims as against all of the Defendants in their official capacities should be dismissed to the extent that he seeks money damages. We find that Defendants Southers and Whaling should be dismissed. We find that Plaintiff has stated a First Amendment retaliation claim against Defendant Newton, and Eighth Amendment claims against Defendants Newton, Kalsky and Kahn.

### IV. Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble,* 429 U.S. 97, 107-108 (1976).

### V. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor,* 451 U.S. 527 (1981); *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir.1993).[FN8]

> FN8. Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe,* 536 U.S. 273, 284-85 (2002).

**\*6** Named as Defendants are eight (8) DOC

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                 Page 7
Slip Copy, 2007 WL 88084 (M.D.Pa.)
**(Cite as: Slip Copy)**

individuals, seven (7) of whom are employed at SCI-Camp Hill. Since Defendants that are individually named in Plaintiff's Complaint have been stated above, we shall not reiterate their names.

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior.* *See, e.g., Rizzo v. Goode,* 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials,* 1546 F.2d 1077, 1082 (3d Cir.1976); *Parratt, supra.* It is well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1998):
A defendant in a civil rights action must have personal involvement in the alleged wrongs.... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208; *Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir.1985) (per curiam) (a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of section 1983).

### VI. Discussion.

#### A. Defendants Beard, Kelchner and Law

As discussed, we do not find any Constitutional claims that the Plaintiff has asserted against the two supervisory Defendants, Beard and Kelchner, and against the medical grievance coordinator, Defendant Law.

These Defendants are not alleged to have personally violated any of the Plaintiff's constitutional rights. Plaintiff only mentions these Defendants as failing to take corrective action to stop the abuses he alleges were committed by the other Defendants. Plaintiff does not state that Defendants Kelchner and Beard placed him in the SMU, failed to give him his medication, and denied him medical care. There are no allegations which create any personal liability as to the stated Defendants. These Defendants are not alleged to have participated in any violations of Plaintiff's rights. Since there is insufficient personal involvement alleged on the part of these three Defendants in any constitutional violation, they should also be dismissed. *Rizzo, supra; Parratt, supra.* Pursuant to *Rizzo, supra,* the supervisory Defendants cannot be held liable based on *respondeat superior* in this case. Thus, Defendants Beard, Kelchner and Law should be dismissed from this case.

*7 Moreover, a prison official's response or lack thereof to an inmate's Administrative remedies is not sufficient alone to hold the official liable in a civil rights action. The law is well-settled that there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.* 433 U.S. 119, 137-138 (1977). This very Court has also recognized that grievance procedures are not constitutionally mandated. *See Chimenti v. Kimber,* Civil No. 3:CV01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005) (Non-Precedential). Even if the prison provides for a grievance procedure, as the DOC does, violations of those procedures do not amount to a civil rights cause of action. *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir1988), *cert denied,* 488 U.S. 898 (1988); *Hoover v. Watson,* 886 F.Supp. 410, 418 (D.Del.1995), aff'd 74 F.3d 1226 (3d Cir.1995). *See also Burnside v. Moser,* Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa. (Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ...

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.