In The United States District Court
For The District of Delaware

James A. Wilson,  )
   Plaintiff,  )  C.A. No. 05-399-JJF
v.  )
Stanley Taylor, et. al,  )
   Defendants  )

Plaintiff Opening Brief In Support of his Request to Deny Defendants Motion For Summary Judgment and Grant Plaintiff Motion For Summary Judgment

1.) There is "A genuine issue". Plaintiff Wilson is now in D.C.C. Infact, lost his Tutoring Job which was a source of income and good time.

2.) Plaintiff will be submitting and affidavit stating how his Job was taking and how he was moved to D.C.C. As Deputy Attorney General has already stated in her motion for summary judgment.

3.) A material fact is Plaintiff was not investigated nor received a write-up for any such thing as pitting one officer against the other.

4.) Plaintiff was denied "Equal Protection" and was racially discriminated against by Defendants.

5) Plaintiff was told directly from Deputy Warden Mike Deloy that he was not going back to the Merit building and that they did not know what they was going to do with him.

6.) Plaintiff is challenging his Transfer to A.S.D.A. The loss of his Job and his Transfer to D.C.C. without Due process, Equal Protection, Racial discrimination and Retaliations.

7.) Plaintiff filed grievances about actions being displayed toward him and wrote the Warden informing him that their actions was unconstitutional see grievances and letter attached.

8.) Grievances that the Warden signed off on making their actions a policy against Black inmates (Plaintiff)

9.) Plaintiff was informed by C/o Karl Paoline that the administration was plotting to move him because of the constant grievance filing.

10.) Plaintiff has no record or discipline hearing that he was under investigation. Deputy Warden Mike Deloy moved Plaintiff to A.S.D.A. because Plaintiff informed C/o V. Watson that an officer C/o Diaz offer to give Inmate Chris Waller food in exchange for any information that he found out about her.

11.) Plaintiff should not have been Retaliated against for this Toolasprashad v. Bureau of Prison, 286 F.3d 576, 585 (D.C. Cir. 2002) (officials may

may not retaliate by transferring prisoner to different prison for filling grievances'.
Cornell v. Woods, 69 F.3d 1383, 1387 (8th Cir. 1995)
1st Amendment implicated because prisoner alleged Transfer in Retaliation for cooperating with misconduct investigation of prison guard.
Davis v. Kelly, 160 F.3d 917, 920 (2d Cir. 1998)
Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999)

12.) Warden Rick Kearney, Mike Deloy, did not afford me equal protection and discriminated against plaintiff through retalitory actions by moving plaintiff to A.S.D.A. with no displinary infraction. Reclassified plaintiff to another institution; took plaintiff Tutor job away

13.) There clearly is "A genuine issue" with the "material fact".

14) Plaintiff will subponea c/o v. Watson, Corp. Stoltenbach; LT. Hollis; LT. D. Fisher; Counselor Donna Furham, c/o k.d Paoline who have personal knowledge of plaintiff being moved and retaliated against.

15. Allan Pendry who, is white went to A.S.D.A. for an investigation then returned to merit building and received his job as a tutor back.

16) Warden Kearney states in his Memorandum that my classification and housing will be determined at the conclusion of the investigation. See Memo.

16. Plaintiff Classification should be based on his points not hearsay. Plaintiff was not found guilty of any infractions by the institution; denied equal protection; Discriminated Against And Retaliated Against for speaking the truth And exercising his 1st Amendment Right.

17. Plaintiffs are Asking for Injunctions; I'm the only one asking for Damages. Defendants Motion should be dismissed with prejudice And Plaintiff should be granted Summary Judgment

Dated: 7/29/07

James a. Wilson
D.C.C.
1181 Paddock Rd
Smyrna, De. 19977