**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES WILSON, et al | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-399-JJF |
| | ) | |
| STANLEY TAYLOR, et al. | ) | |
| | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND
ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF WILSON'S CROSS
MOTION FOR SUMMARY JUDGMENT**

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

*/s/ Stacey Xarhoulakos*
Stacey Xarhoulakos (#4667)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
*Attorney for Defendants*

Dated:  August 24, 2007

## **TABLE OF CONTENTS**

Table of Citations …………………………………………………………..    iii

Nature and Stage of the Proceedings …………………………………………    1

Argument ………………………………………………………………..    2

    I.       Defendants are Entitled to Dismissal of Plaintiffs  Green,    4
Morris, Serpa, Johnson, and Browns' Equal Protection Claims
and Wilson's Retaliation Cliam as a Matter of Law Because
Plaintiffs Have Failed to Exhaust Their Administrative
Remedies Under the PLRA.

                                                               5

    II.      Plaintiffs Cannot Prove a Claim Pursuant to 42 *U.S.C.* § 1983
Because They Have Not Been Deprived of the Right to Equal
Protection.

    III.     Defendants Cannot Be Held Liable Under § 1983 Absent    6
Personal Involvement and Based Solely on Their Supervisory
Responsibilities.

    IV.     Defendant Deloy Did Not Retaliate Against Plaintiff Wilson.    7

    V.      Plaintiffs Have Not Suffered Any Physical Injury and Are    14
Precluded from Recovering Compensatory Damages.

    VI.    Defendants Are Immune From Liability in Their Individual Capacities    14
Pursuant to the Doctrine of Qualified Immunity.

Conclusion    15

## <u>TABLE OF CITATIONS</u>

*Allah v. Al-Hafeex*, 226 F.3d 247, 250 (3d Cir. 2000)…………………………… 14

 *Cornell v. Woods*, 69 F.3d 1383 (8th Cir. 1995)……………………………… 12

*Davis v. Kelly*, 160 F.3d 917 (2nd Cir. 1998)…………………………………… 12,13

*Dickens v. Taylor*, 464 F.Supp.2d 341, 354-55 (D. Del. 2006)………..……….. 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10-11    2

(1986)………………………………………………………………………….. 

*Meachum v. Fano*, 427 U.S. 215, 224-225 (1976)……………………………… 11

*Morrisson v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)…………………… 5

*Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001)…………………………………… 7,9,11,12

*Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985)……………………………... 5

*Rouse v. Benson*, 193 F.3d 936 (8th Cir. 1999)………………………………… 12,13

*Toolasprashad v. Bureau of Priosns,* 286 F.3d 576 (D.C. Cir. 2002)………… 12

### <u>Stautes, Rules, and Other Authority</u>

42 *U.S.C.* § 1983………………………………………………………………… *Passim*

42 *U.S.C.* §1997e(a)……………………………………………………………... 4

42 *U.S.C.* § 1997e(e)…………………………………………………………….. 14

Federal Rule of Civil Procedure 56(e)………………………………………… 2

## NATURE AND STAGE OF THE PROCEEDNGS

Defendants Taylor, Kearney, and Deloy ("Defendants") filed their Opening Brief and Motion for Summary Judgment ("Opening Brief") against Plaintiffs Green, Morris, Serpa, Johnson, Brown, and Wilson ("Plaintiffs") on July 20, 2007. (D.I. 186, 187). Plaintiff Wilson filed what appears to be an Answer to Defendants' Motion for Summary Judgment and a Cross Motion for Summary Judgment ("Wilson's Answering Brief") on August 7, 2007. (D.I. 191, 192). Plaintiffs Green, Morris, Serpa, Johnson, and Brown did not file a response to Defendants' Motion for Summary Judgment.

This is the Defendants' Reply Brief in Support of their Motion for Summary Judgment and their Answer to Plaintiff Wilson's Cross Motion for Summary Judgment ("Reply Brief").

**ARGUMENT**

To obtain summary judgment a moving party must prove that there are no genuine issues of material fact in dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10-11 (1986). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. … [T]he moving party must come forward with 'specific facts showing that there is a genuine issue for trial." *Id.* at 586-87 (quoting FED. R. CIV. P. 56(e)).

Plaintiffs Morris, Johnson, Brown, Green, and Serpa have not filed a response to Defendants' Summary Judgment Motion. There is no genuine issue of material fact to submit to a jury on their claims. Defendants should be granted summary judgment as to any and all claims of Plaintiffs Morris, Johnson, Brown, Green, and Serpa as they have not opposed Defendants' motion.

The facts and evidence submitted by Defendants' in their Opening Brief are largely undisputed by Plaintiff Wilson. He continues to assert that he was denied equal protection (D.I. 192, pg. 1, par. 4), but provides no evidence to support any claim of racial discrimination. Plaintiff Wilson does not specifically dispute any of the factual evidence and arguments submitted by Defendants evidencing that Wilson was not denied equal protection.

Wilson's response and cross motion appears to almost entirely address his retaliation claim. He reiterates many of the same arguments he made in his Amendment to the Complaint (D.I. 85), but does not provide any evidence to create a genuine issue of material fact. Plaintiff suggests that the fact that he lost his tutoring job and was moved

to the Delaware Correctional Center ("DCC") creates a genuine issue of material fact. (D.I. 192, pg.1, par.1). Defendants, however, do not dispute that Wilson was transferred or that he lost his job. Defendants have submitted ample evidence to establish that this transfer was not motivated by retaliation and Plaintiff Wilson has not met his burden to show that it was.

Defendants also note that Plaintiff attaches to his Answering Brief an affidavit which indicates on the bottom page that it is notarized. There is, however, no notary stamp on the page indicating it was executed by a legitimate notary.

Wilson also continues to make due process allegations. (D.I. 192, pg. 2, par. 6). These claims have been dismissed by the Court and are no longer a part of this action. (D.I. 125, 126).

I.    **Defendants Are Entitled To Dismissal Of Plaintiffs Green, Morris, Serpa, Johnson, and Browns' Equal Protection Claims and Wilson's Retaliation Claim As A Matter Of Law Because Plaintiffs Have Failed To Exhaust Their Administrative Remedies Under the PLRA.**

Congress requires a prisoner to exhaust administrative remedies before filing a § 1983 action with respect to prison conditions.  This requirement is codified in 42 *U.S.C.* § 1997e(a).

A.    **Plaintiffs Morris, Brown, Green, and Johnson, and Serpa.**

Plaintiffs Morris, Brown, Green, Johnson and Serpa have not filed an opposition to Defendants' arguments that they did not exhaust their administrative remedies.  Thus, their claims against Defendants should be dismissed for failure to comply with the requirements of the PLRA.

B.    **Plaintiff Wilson**

Wilson did not file any grievances related to the allegations of retaliation and Wilson does not dispute this in his Answering Brief.

At best, it may be said that Plaintiff Wilson exhausted his administrative remedies as to the equal protection claim.  There is, however, absolutely no evidence that Wilson properly exhausted his retaliation claim against Defendant Deloy.  Plaintiff Wilson's retaliation claim against Defendant Deloy should be dismissed for his failure to exhaust, or even attempt to exhaust, his administrative remedies as required by the PLRA.

**II.    Plaintiffs Cannot Prove a Claim Pursuant to 42 *U.S.C.* § 1983 Because They Have Not Been Deprived of the Right to Equal Protection.**

To establish a civil rights claim under 42 *U.S.C.* § 1983 a plaintiff must prove that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the plaintiff was deprived of a right or privilege secured by the Constitution or the laws of the United States. *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985). "In order to raise a valid equal protection claim, a plaintiff must show that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Dickens v. Taylor*, 464 F.Supp.2d 341, 354-55 (D. Del. 2006)(citing *Morrisson v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

### A.    Plaintiffs Morris, Johnson, Brown, Green, and Serpa.

There is a complete absence of any evidence of racial discrimination against Plaintiffs in the record.    Plaintiffs' Complaint made numerous broad unsubstantiated allegations of racial discrimination and Plaintiffs have done little to clarify their claims in the discovery process.    Defendants, in their Opening Brief, exhaustively responded to what appears to be each of the six Plaintiffs' claims and have provided evidence to show that the allegations are completely baseless.    Plaintiffs Morris, Johnson, Brown, Green, and Serpa have not responded in opposition to any of this evidence.    Plaintiffs have not met their burden to establish a genuine issue for trial and Defendants are entitled to judgment as a matter of law.

### B.    Plaintiff James Wilson

Plaintiff Wilson's Answering Brief also largely does not respond to this evidence.    The only response Wilson has with his respect to his equal protection claim is

to now allege that his transfer was racially discriminatory.  He makes the argument that because one white inmate was transferred to ASDA and back to the Merit Building and Wilson was not, Wilson was racially discriminated against.  That is an absurd conclusion considering Wilson has no idea why this inmate was moved.  As thoroughly discussed in Defendants' Opening Brief, Wilson knows very little with respect to this inmate's transfer.  (Exhibit "G" to Defendants' Op. Br. – Wilson Dep. 41:12-21).  Wilson was not returned to the Merit building because of the results of an institutional investigation.  Alan Pendry was not involved in this investigation.  (Exhibit "E" to Defendants' Op. Br. – Deloy Affidavit).  Wilson has not met his burden to show that this inmate was similarly situated to him and his claims must fail

Regardless, to establish a constitutional equal protection claim against Defendants, Wilson has the burden of alleging and providing some evidence to establish that he was intentionally or purposefully discriminated against by Defendants Taylor and Kearney.  Wilson has provided absolutely no evidence of this, there is no genuine issue of material fact for trial, and Defendants are entitled to judgment as a matter of law.

**III.    Defendants Taylor and Kearney Cannot Be Held Liable Under 42 *U.S.C.* § 1983 Absent any Personal Involvement and Based Solely on Their Supervisory Responsibilities.**

Plaintiffs Morris, Johnson, Brown, Green, and Serpa have not responded to Defendants' Opening Brief.  Thus, Defendants are entitled to judgment as a matter of law as to any of these Plaintiffs claims as they were not personally involved and cannot be held liable on the basis or *respondeat superior*.

Wilson's Answering Brief also does not respond to the arguments set forth by Defendants in this portion of their Opening Brief and Defendants are entitled to judgment as a matter of law.

## IV.     Defendant Deloy Did Not Retaliate Against Plaintiff Wilson.

In a retaliation case, an inmate Plaintiff must establish that he engaged in a constitutionally protected activity, he suffered adverse action at the hands of the defendant, and that there is a causal link between the protected activity and the adverse action. *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001). A burden shifting analysis is used by the Courts when addressing these claims. The plaintiff bears the initial burden of showing that the constitutionally protected conduct was a substantial or motivating factor behind the alleged retaliation. The burden then shifts to the defendants to establish if this action would have been taken regardless of the protected activity for reasons reasonably related to legitimate penological interests. *Id*. at 334.

Thus, Plaintiff Wilson bears the initial burden of establishing that he engaged in a constitutionally protected activity, that he suffered some adverse action at the hands of Defendant Deloy, and that there is a link between the protected activity and the adverse action. He must also meet his burden of showing that the constitutionally protected conduct was the substantial or motivating factor for his transfer. Even if Wilson can meet this burden, Defendant Deloy is entitled to summary judgment if the record establishes that Wilson would have been transferred, regardless of the protected activity, for legitimate penological interests.

Wilson's claim must fail for multiple reasons. He cannot meet any of the three prongs of the *Rauser* test to establish his retaliation claim. Even if he could, there is

7

no evidence that any constitutionally protected conduct was the motivating factor behind his transfer and Plaintiff would have been transferred for legitimate security reasons regardless of any constitutionally protected activity.

**A.    Wilson did not engage in a constitutionally protected activity that resulted in his transfer.**

Wilson appears to be unable to decide what reason he wants the Court to believe he was transferred for or, more specifically, what constitutionally protected conduct he is alleging. His initial claim appears to allege that he was being transferred for filing grievances. (D.I. 85, at 2). However, in his deposition, Wilson stated that he knew he was transferred because of an investigation. (Exhibit "G" to Defendants' Op. Br. – Wilson Dep. at 44-45, 52-53). He now states in his Answering Brief that his move was discriminatory. (D.I. 192, pg. 3 par. 12). He then states in the same Answering Brief that "Mike Deloy moved Plaintiff to A.S.D.A. because Plaintiff informed C/O Watson that an officer C/O Diaz offer [sic] to give Inmate Chris Waller food in exchange for any information that he found out about her." (D.I. 192, pg. 2, par. 10). Indeed, this very situation between the officers and inmates was the reason the investigation was even initiated. (Exhibit "E" to Defendants' Op. Br. – Deloy Affidavit). Wilson has made it clear that he is entirely aware of this and that he is unhappy with the ultimate outcome that he was not to be returned to the Merit Building. (Exhibit "G" to Defendants' Op. Br. – Wilson Dep. at 46).

Wilson then again refutes himself and alleges in his Answering Brief that he was "informed by C/O Karl Paoline that the administration was plotting to move him because of the constant grievance filing." (D.I. 192, pg. 2 par. 9). Wilson provides no

date for this alleged conversation, no context for where or how it took place, no affidavit or any other evidence to support this unsubstantiated hearsay statement.

Wilson has no right to a particular classification and he is attempting to create a retaliation claim against Defendant Deloy because he is unhappy with his particular location. Wilson has not met the first prong of the *Rauser* test because he has not established that he engaged in any constitutionally protected activity that led to his transfer. Defendant Deloy should be granted summary judgment.

**B.    Wilson did not suffer any adverse action at the hands of Defendant Deloy.**

As thoroughly discussed in Defendant's Opening Brief, Defendant Deloy did not make the decision to transfer Wilson. The investigation and the transfers were initiated by Warden Rick Kearney.

Wilson alleges in his Answering Brief that he was "told directly from Deputy Warden Mike Deloy that he was not going back to the Merit Building and that they did not know what they was [sic] going to do with him." (D.I. 192, pg. 2, par. 5). While Defendant Deloy does not specifically recall this conversation, even assuming *arguendo* that it had taken place, it does not create a causal connection between Wilson's transfer and Defendant Deloy. When it was determined that Wilson could not be returned to the Merit Building, he had to be reclassified. Before this was done, prison officials could not have known where Wilson would be classified.

Wilson can not establish that he suffered any adverse action at the hands of Defendant Deloy and summary judgment should be granted in his favor.

**C.    There is no causal link between Wilson's transfer and any constitutionally protected activity.**

Wilson was moved out of the Merit building because of a pending investigation. Upon conclusion of the investigation and review of the investigator's findings, Warden Kearney determined that Wilson could not return to the Merit Building. (Exhibit "H" to Defendants' Op. Br. – Kearney Affidavit). There is simply no causal connection between any action by Defendant Deloy and Wilson's transfer.

Wilson asserts in his Answering Brief that "a material fact is Plaintiff was not investigated. . . ". (D.I. 192, pg. 1, par. 3). Yet, in his deposition, Plaintiff openly admitted and discussed that fact that he was investigated, knew that he was investigated, knew that he was transferred because of the investigation, knew that inmates are typically transferred when they are investigated, and that he was interviewed as a part of the investigation. (Exhibit "G" to Defendants' Op. Br. – Wilson Dep. 44-45, 49:22-24, 50, 52-53, 56). There is no dispute of fact that Wilson was investigated and transferred because of that investigation.

Moreover, as outlined in Defendants' Opening Brief, the timing of Wilson's transfer directly correlates to the timing of the investigation. The evidence of temporal proximity between the investigation and the transfer strongly supports Defendant Deloy's arguments and refutes any claim of a retaliatory transfer.

Wilson can not establish a causal link between any constitutionally protected conduct and his transfer and summary judgment should be granted in favor of Defendant Deloy.

**D.     Wilson was moved for reasons related to legitimate penological interests and not in response to any constitutionally protected activity.**

Wilson can not meet his burden to show that any constitutionally protected conduct was the substantial or motivating factor behind his transfer. Even assuming *arguendo* that he could, Defendant Deloy has clearly established a legitimate penological reason for his transfer. "Prison officials have broad discretion to transfer an inmate from one institution to another, even where the degree of confinement in one prison may differ from another." *Meachum v. Fano*, 427 U.S. 215, 224-225 (1976).

Prison officials had a legitimate interest in keeping officers and inmates' relationships from becoming too personal and in keeping tobacco out of the prison. Plaintiff acknowledges the occurrence of an event which triggered the investigation. (D.I. 192, pg. 3. par. 10). Wilson makes much of the fact that he was not disciplined prior to being transferred. (D.I. 192, pg. 1, par. 3, 10). Prison officials are not required to discipline an inmate before determining that his transfer would be in the security interests of the prison. The results of the investigation submitted to the Warden by Staff Lt. Messick recommended that Wilson not be returned to the Merit Building. While Defendants have only submitted to the Court and Plaintiff Wilson a redacted version of the investigative report,[1] just those portions that were submitted establish a legitimate penological interest sufficient to defeat any retaliation claim.

Even if Plaintiff had submitted any evidence sufficient to meet any of the three prongs of the *Rauser* test or create a genuine issue of material fact for trial, he can not establish that any constitutionally protected activity motivated his transfer. Wilson

---

[1] As mentioned in Defendants' Opening Brief (D.I. 187), a full version can be made available to the Court should it be necessary for an *in camera* review.

11

was transferred for legitimate penological reasons and summary judgment should be granted in favor of Defendant Deloy.

> **E.    Cases cited by Plaintiff Wilson in his Answering Brief are distinguishable and not relevant to the case at bar.**

Wilson cites to several cases in his Answering Brief. All of these cases are either distinguishable from, or not relevant to, the case at bar.

He first cites to *Toolasprashad v. Bureau of Priosns,* 286 F.3d 576 (D.C. Cir. 2002). *Toolasprashad* is not relevant to the case at bar. The action was brought pursuant to the Privacy Act. The Court held that the allegation of a retaliatory transfer for the exercise of a First Amendment right, if proven, would be sufficient for an adverse determination under the Privacy Act. *Id*. at 586. Moreover, it was decided on an entirely different standard of review than in the case at bar. The relevant inquiry was on a motion to dismiss standard or sufficiency of the complaint, and not a summary judgment standard.

He then cites to *Cornell v. Woods*, 69 F.3d 1383 (8th Cir. 1995), *Davis v. Kelly*, 160 F.3d 917 (2nd Cir. 1998), and *Rouse v. Benson*, 193 F.3d 936 (8th Cir. 1999). All of these cases are from other circuits, are clearly distinguishable, and were decided well before this Circuit's decision in *Rauser* which sets out the standard and analysis for retaliation claims.

In *Cornell*, an inmate plaintiff was promised immunity if he gave correctional officials information. He was then disciplined and transferred despite that promise of immunity. The Court found that he exercised a constitutional right by cooperating with officers and found evidence that retaliation was the "actual motivating factor" for his transfer. In this case, there is no such evidence and no link at all between

the exercise of a constitutional right and Plaintiff Wilson's transfer. Indeed, Wilson is unable to even establish what constitutionally protected right he is asserting.

In *Davis*, the Second Circuit remanded a case for further discovery after what the Court characterized as a premature dismissal. Thus, the review was of a dismissal, and not at the summary judgment stage. The Court stated in *Davis* that "after an opportunity for discovery, undisputed allegations that the supervisor lacked personal involvement will suffice to dismiss that official from the case." *Id.* at 921. "Once the supervisory officer has inquired within the institution and identified the actual decision-makers of the challenged action, those officials may then submit affidavits based on their personal knowledge of the circumstances." *Id.* These arguments entirely support summary judgment in favor of Defendant Deloy on the facts of this case, where officials have investigated and determined that he was not the actual decision maker and Defendants have submitted affidavits in support of this.

*Rouse* provides no support for Wilson's arguments. It does, however, support Defendant Deloy's position. In *Rouse*, there existed a memorandum stating that the inmate plaintiff was transferred because of his continual challenges to prison policies regarding American Indian cultural and religious activities. This created some evidence in the record from which a jury could determine that the transfer was because of the exercise of a constitutionally protected activity. *Rouse*, 193 F.3d at 941. In this case, there is a memorandum clearly establishing just the opposite, that Wilson's transfer was not the result of a constitutionally protected activity, but of an institutional investigation. There is no evidence at all in the record to support that the transfer was in retaliation for any constitutionally protected activity.

13

Plaintiff Wilson's random citing of cases is not persuasive and provides no support for his claims.  Summary judgment should be granted in favor of Defendant Deloy.

**V.      Plaintiffs Have Not Suffered Any Physical Injury and Are Precluded From Recovering Compensatory Damages.**

Section 1983, as a tort statute, requires an injury to be actionable.   Under § 1983, damages are available for actions found to be in violation of constitutional rights and to have caused compensable injury.  *Allah v. Al-Hafeex*, 226 F.3d 247, 250 (3d Cir. 2000).  A limitation on prisoner recovery is established in 42 *U.S.C.* 1997e(e).  To have an actionable claim for compensatory damages on the basis of mental or emotional injury, a prisoner must first establish some physical injury.

Plaintiff Wilson alleges that Plaintiffs are only seeking injunctive relief and that he is the only one seeking damages.  (D.I. 192, pg. 4, par. 17).  Wilson is not a class representative and can not speak on behalf of any other Plaintiff.  Plaintiffs Morris, Green, Brown, and Johnson and Serpa have not responded to establish an actionable injury and summary judgment in favor of Defendants should be granted.

**VI.     Defendants Are Immune From Liability in Their Individual Capacities Pursuant to the Doctrine of Qualified Immunity.**

Plaintiffs have not responded to Defendants' asserted affirmative defense of qualified immunity.  Defendants are immune from liability and summary judgment should be granted in their favor.

## <u>CONCLUSION</u>

Defendants have met their burden of showing that they did not violate Plaintiffs' constitutional rights. Plaintiffs' Morris, Green, Brown, and Johnson and Serpa have not responded to Defendants' Motion for Summary Judgment and Defendants should be granted judgment as a matter of law as to any of their claims. Plaintiff Wilson fails to put forth any affirmative evidence sufficient to create a genuine issue of material fact on his equal protection or retaliation claims. Judgment in favor of Stan Taylor, Rick Kearney, and Mike Deloy should be awarded.

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I electronically filed *Defendants'*

*Reply Brief In Support of Their Motion for Summary Judgment and Answer in Response*

*to Plaintiff Wilson's Cross Motion for Summary Judgment*  with the Clerk of Court using

CM/ECF. I hereby certify that on August 24, 2007, I have mailed by United States Postal

Service, the document to the non-registered parties listed below:

James Johnson, Inmate
SBI #  155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Roderick Brown, Inmate
SBI #  315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jerome Green, Inmate
SBI #  147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Jose Serpa, Inmate
SBI #  350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Anthony Morris, Inmate
SBI #  300363
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

James A. Wilson, Inmate
SBI #163663
Delaware Correctional Center

1181 Paddock Road
Smyrna, DE 19977

/s/ Stacey Xarhoulakos
Stacey Xarhoulakos, (I.D. 4667)
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us
*Attorney for Defendants*