# NOTICE OF APPEAL
## TO
## U.S. COURT OF APPEALS, THIRD CIRCUIT

U.S. District Court for the District of Delaware

CIRCUIT COURT DOCKET NUMBER: _____ (leave blank)

FULL CAPTION IN DISTRICT COURT AS FOLLOWS:

James A. Wilson, Et, Al.

v.

Stanley Taylor, Et, Al.

DISTRICT COURT DOCKET NUMBER: 05-399 JJF

DISTRICT COURT JUDGE: JJF

Notice is hereby given that __James A. Wilson__ (Named Party) appeals to the United States Court of Appeals for the Third Circuit from [ ] Judgment, [ ] Order, [✓] Other (specify) __Memorandum Opinion__

entered in this action on __October 17, 2007__ (date)

Dated: 10/25/07

Pro'se James A. Wilson
(Counsel for Appellant-Signature)

_____ (Name of Counsel - Typed)    _____ (Counsel for Appellee)

_____ (Address)    _____ (Address)

_____ (City, State Zip)    _____ (City, State Zip)

_____ (Telephone Number)    _____ (Telephone Number)

NOTE: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be listed on the Notice of Appeal sheet.

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, et al.,      :
                              :
        Plaintiffs,           :
                              :
     v.                       : Civil Action No. 05-399-JJF
                              :
STANLEY TAYLOR, et al.,       :
                              :
        Defendants.           :
```

James A. Wilson, Smyrna, Delaware.

Pro Se Plaintiff.

Stacey Xarhoulakos, Deputy Attorney General of the DEPARTMENT OF JUSTICE FOR THE STATE OF DELAWARE, Wilmington, Delaware.

Attorney for Defendants.

**MEMORANDUM OPINION**

October 17, 2007

Farnan, District Judge

Presently before the Court are Defendants' Motion For Summary Judgment (D.I. 186) and Plaintiff Wilson's Cross Motion For Summary Judgment (D.I. 191). For the reasons discussed, Defendants' Motion will be granted and Plaintiff Wilson's Cross Motion will be denied.

## Background

On June 15, 2005, pro se Plaintiffs James A. Wilson ("Wilson") and thirty other inmates at Sussex Correctional Institution ("SCI") filed this action pursuant to 42 U.S.C. § 1983. Plaintiffs filed an Amended Complaint on June 22, 2005 (D.I. 3), and a Second Amended Complaint on November 7, 2005 (D.I. 27). Plaintiff Wilson's Motion For Class Certification was denied by the Court on August 11, 2005 (D.I. 14). Many of the Plaintiffs have withdrawn their claims and others have been dismissed by the Court. The following Plaintiffs remain in the case: James A. Wilson, Anthony Morris, Jerome Green, James Johnson, Roderick Brown, and Jose Serpa.

Following the Court's disposition (D.I. 125) of Defendants' Motion To Dismiss and Plaintiffs' Motion to Amend, Plaintiffs' remaining claims are an equal protection claim under the Fourteenth Amendment against Defendants Commissioner Stanley Taylor ("Taylor") and Warden Rick Kearney ("Kearney"), and a retaliation claim by Plaintiff Wilson against Defendant Deputy

1

Warden Mike Deloy ("Deloy")[1].

In their equal protection claim, Plaintiffs broadly allege that black inmates are consistently treated differently from similarly situated white inmates in job assignments, disciplinary actions, and security classifications. Given that class certification was not granted in this case, the Court will consider only allegations of unequal treatment towards named plaintiffs. Beyond the general assertions in the Complaint, only Plaintiff Wilson presents evidence in support of his equal protection claim. Plaintiff Wilson alleges that he has suffered specific harassment because of his race and more severe disciplinary sanctions than similarly situated white inmates. Specifically, Plaintiff Wilson claims that on Sept. 19, 2005, he was maced by Correctional Officer Stolzenbach ("C/O Stolzenback") on account of his race or religion, and that on Nov. 7, 2005 he was written-up for possessing non-dangerous contraband while two white inmates possessing the same contraband were not written up. Plaintiff Wilson also contends that not being able to return to the Merit Building following an investigation, when a similarly situated white inmate, Alan Pendry, was permitted to return, evinces racial discrimination.

In his retaliation claim, Plaintiff Wilson contends that

---

[1]The Court notes that Commissioner Taylor retired during the pendency of this litigation.

Deputy Warden Deloy moved him from the desirable Merit Building and terminated his tutoring job without cause and in retaliation for filing grievances and civil rights lawsuits.  Plaintiff Wilson began the present lawsuit in June 2005 and filed four grievances, excluding duplicative filings, between September 2005 and February 2006.  Wilson was transferred out of the Merit Building on March 29, 2006 and was moved from SCI, which is located in Georgetown, Delaware, to Delaware Correctional Center ("DCC") in Smyrna, Delaware on May 31, 2006.  Wilson alleges that Correctional Officer Karl Paoline ("C/O Paoline") informed him that "the administration was plotting to move him because of the constant grievance filing" (D.I. 192, ¶9) and that Deloy informed him that he "was not going back to the Merit Building" and that the administration "did not know what they was [sic] going to do with [him]" (D.I. 192-2, ¶3).

Deputy Warden Deloy contends that Wilson's removal from the Merit Building and subsequent transfer to DCC were for legitimate penological reasons.  Deloy contends that Wilson was transferred from the Merit Building pending the outcome of an internal investigation, and transferred from SCI to DCC based on the findings of that investigation and Wilson's refusal to choose between housing other than Merit at SCI or housing at DCC.  Further, Deloy contends that the decision not to allow Wilson to return to the Merit Building was made by Warden Kearney, not

3

Deloy.

Wilson wrote a letter, dated April 29, 2006, to the Warden's Office contesting his transfer from the Merit Building and arguing, inter alia, that he was being retaliated against (D.I. 192-2). Wilson filed his Motion to Amend, adding the retaliation claim, on May 8, 2006 (D.I. 85).

## Discussion

### I.    Standard of Law

Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Where, as here, the nonmoving party opposing summary judgment has the burden of proof at trial on the issue for which summary judgment is sought, he must then make a showing sufficient to establish the existence of an element essential to his case. If

4

the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catreet</u>, 477 U.S. 317, 322 (1986). Moreover, the mere existence of some evidence in support of the nonmoving party will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

    Defendants move for summary judgment on the following bases: (1) Plaintiffs have not exhausted their administrative remedies, as required by the Prisoner Litigation Reform Act of 1996, 42 U.S.C. §1997(e)("PLRA"); (2) Plaintiffs have not suffered an equal protection violation; (3) Defendants cannot be held liable under §1983 absent personal involvement; (4) Defendant Deloy did not retaliate against Plaintiff Wilson, and; (5) Defendants are immune from liability in their individual capacities pursuant to the doctrine of qualified immunity. Plaintiff Wilson moves for summary judgment on the basis of the facts alleged in his Answering Brief in Opposition to Defendant's Motion for Summary Judgment.

**II. Equal Protection Claim**

Defendants' contend that Plaintiffs have not established sufficient evidence of intentional discrimination to raise a "genuine issue of material fact" under the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment protects prisoners from invidious discrimination based on race. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "In order to raise a valid equal protection claim, a plaintiff must show that 'he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Dickens v. Taylor, 464 F. Supp 2d 341, 354-55 (D. Del. 2006)(quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)).

Because no plaintiff other than Plaintiff Wilson presents any evidence beyond the broad allegations contained in the Complaint, the Court concludes that Plaintiffs Morris, Green, Johnson, Brown, and Serpa have failed to raise a genuine issue of material fact in support of their equal protection claim. Accordingly, Defendants' Motion will be granted with respect to Plaintiffs Morris, Green, Johnson, Brown, and Serpa.

With respect to Plaintiff Wilson's equal protection claim, the Court concludes that Wilson has not presented sufficient evidence for a reasonable jury to find purposeful discrimination

6

by Defendants Taylor and Kearney. Wilson alleges that he was maced by C/O Stolzenbach on account of his race, but presents no evidence in support of the allegation that the discipline was racially motivated. Wilson alleges that his write-up by C/O Stolzenbach for possessing non-dangerous contraband was discriminatory, but presents no evidence supporting his contention that two white inmates were similarly situated but not disciplined. Further, even if these incidents were racially discriminatory, Wilson presents no evidence of involvement, let alone intentional discrimination, by Commissioner Taylor or Warden Kearney. See, e.g., Pennsylvania v. Porter, 659 F.2d 306, 336 (3d Cir. 1981)("Such officials must have played an affirmative role in the deprivation of the plaintiffs' rights, i. e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct.")(citing Rizzo v. Goode, 423 U.S. 362, 375-77 (1976)).

    Lastly, Wilson alleges that not being permitted to return to the Merit Building following his investigation, when one white inmate was allowed to return following a separate investigation, was discriminatory. In his deposition, Wilson states that he "heard" that the white inmate, Alan Pendry, was investigated because he "made contact with his victim" (D.I. 187-9, p.41), but presents no evidence on the result of Pendry's investigation.

7

Even if the Court assumes <u>arguendo</u> that Pendry was similarly situated to Wilson, Wilson cannot establish unequal treatment without submitting evidence on the outcome of Pendry's investigation. Further, Plaintiff Wilson presents no evidence on whether the alleged disparity was purposeful. On the record evidence presented and the parties having had the opportunity for discovery, the Court concludes that Plaintiff Wilson has not made a showing sufficient to establish a genuine issue of material fact on the elements of unequal treatment and purposeful discrimination. Defendants' Motion for Summary Judgment will be granted with respect to the equal protection claims of all plaintiffs.

### III. PLRA

Defendants contend that Plaintiff Wilson's retaliation claim should be dismissed because Wilson has not exhausted his administrative remedies, as required by the Prisoner Litigation Reform Act of 1996, 42 U.S.C. §1997e ("PLRA"). "No action shall be brought with respect to prison conditions ... by a prisoner confined in any ... prison ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This rule means that "prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level." <u>Williams v. Beard</u>, 482 F.3d 637, 639 (3d Cir. 2007) (citing <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368

8

(2006). "[T]he determination whether a prisoner has 'properly' exhausted a claim ... is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004).

Plaintiff Wilson filed his Motion to Amend, adding the retaliation claim, on May 8, 2006 (D.I. 85). Before filing the retaliation claim, Wilson wrote a letter dated April 29, 2006 to the Warden's Office contesting his transfer from the Merit Building and arguing, inter alia, that he was being retaliated against (D.I. 192-2). Plaintiff Wilson has filed no grievances, however, raising a retaliation claim or even his housing transfer generally. The Court concludes that Wilson had not exhausted his administrative remedies prior to raising the instant retaliation claim, and that, accordingly, the PLRA bars Wilson's retaliation claim. The Court will therefore grant Defendants' Motion for Summary Judgment with respect to Wilson's retaliation claim.

### Conclusion

For the reasons discussed, the Court concludes that (1) Plaintiffs have not established issues of material fact sufficient to allow them to survive summary judgment on their equal protection claim and (2) Plaintiff Wilson did not exhaust administrative remedies prior to filing his retaliation claim and

9

that the claim is therefore barred by the PLRA.[2] Accordingly, the Court will grant the Defendants' Motion and deny Plaintiff Wilson's Cross Motion.

An appropriate order will be entered.

---

[2] As the contentions addressed are sufficient to dispose of the motion, the Court will not consider the Defendants' remaining arguments.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, et al.,       :
                               :
        Plaintiffs,            :
                               :
    v.                         : Civil Action No. 05-399-JJF
                               :
STANLEY TAYLOR, et al.,        :
                               :
        Defendants.            :

O R D E R

At Wilmington, this 17 day of October 2007, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion For Summary Judgment (D.I. 186) is **GRANTED** and Plaintiff Wilson's Cross Motion for Summary Judgment (D.I. 191) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

I/M JAmes Wilson
SBI# 163663   UNIT D-west
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Office of The Clerk
U.S. District Court
844 N. King St, Lockbox 18
Wilm, De. 19801-3570



198013570 C012